**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **ECARDLESS BANCORP, LTD.,** | |
| Plaintiff, | Civil Action No. 7:22-cv-00245 |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **PAYPAL HOLDINGS, INC. AND PAYPAL, INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff eCardless Bancorp, Ltd. files this Complaint for patent infringement and damages against Defendants PayPal Holdings, Inc. and PayPal, Inc. and would respectfully show the Court as follows:

## PARTIES

1.      Plaintiff eCardless Bancorp, Ltd. ("eCardless" or "Plaintiff") is a Washington corporation with its principal place of business at 4056 S Madelia Street, Spokane, WA 99203. eCardless is an American firm that, through its owners, invents technology related to, among other things, development of financial transaction systems and methods to enhance security for transactions made via the internet.

2.      On information and belief, Defendant PayPal Holdings, Inc. ("PayPal Holdings") is a corporation organized under the laws of the State of Delaware with regular and established places of business in this District at least at the following: 10025 Alterra Pkwy, Austin, TX 78758 and 7700 W Parmer Ln., Austin, TX 78729. PayPal Holdings may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan St. Ste. 900, Dallas, TX 75201.

3.     On information and belief, Defendant PayPal, Inc. "PayPal Inc." is a corporation organized under the laws of the State of Delaware with regular and established places of business in this District at least at the following: 10025 Alterra Pkwy, Austin, TX 78758 and 7700 W Parmer Ln., Austin, TX 78729. PayPal Holdings may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan St. Ste. 900, Dallas, TX 75201.

4.     On information and belief, Defendants PayPal Holdings, Inc. and PayPal Inc. (collectively referred to as "PayPal" or "Defendants") directly and/or indirectly develop, design, use, distribute, market, offer to sell and/or sell infringing products and services in the United States, including in the Western District of Texas, and otherwise direct infringing activities to this District in connection with their products and services as set forth in this complaint. This includes but is not limited to Defendants offering the PayPal payments platform for processing electronic payments and for transferring funds to and from others.

## JURISDICTION AND VENUE

5.     This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6.     This Court has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed infringing acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

7.     Plaintiff's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

2

8.      Defendants have committed acts of infringing the patents-in-suit, as later defined in this Complaint, within this District by making, using, selling, offering for sale, and/or importing in or into this District, products and methods infringing the patents-in-suit, including without limitation products and/or services made by practicing the claimed methods of the patents-in-suit.

9.      Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products into this District. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District.

10.     This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

11.     Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this District, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.

12.     This Court also has personal jurisdiction over Defendants, in part, because Defendants conduct continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendants knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. Defendants are further subject to personal jurisdiction in this Court because, *inter alia*, established places of business in the Western District of Texas. Further, Defendants' own website and advertising with this District subject them to personal jurisdiction in this Court. Accordingly, this Court's jurisdiction over the Defendants comports with the

3

constitutional standards of fair play and substantial justice and arises directly from the Defendants' purposeful minimum contacts with this District and the State of Texas.  Also, Defendants have hired and are hiring in the Austin, Texas, area and other placed in this District for positions that relate to and constitute infringement of the patents-in-suit.  In addition, multiple witnesses from Defendant's Austin, Texas, offices will be required for trial, several non-exhaustive examples of which are listed later in this Complaint.  Accordingly, this Court's jurisdiction over Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from Defendants' purposeful minimum contacts with the State of Texas.

13.     This Court also has personal jurisdiction over Defendants, because in addition to Defendants' own website and advertising with this District, Defendants have also made its infringing products and services available within this District and have advertised to residents within the District to hire employees to be located in and/or work from within this District.

14.     Venue is proper in this Court under 28 U.S.C. §§ 1391, and 1400(b). All allegations regarding jurisdiction herein are hereby incorporated by reference for the purposes of venue.

15.     Further, upon information and belief, Defendants have induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District.

16.     On information and belief, Defendants employ more than 650 people in this District in its various teams. A search on LinkedIn indicates that at least 650 people represent that they are currently employed by PayPal in this District as of the date of this Complaint.[1]

---

[1] See
https://www.linkedin.com/search/results/people/?currentCompany=%5B%221482%22%5D&geoUrn=%5B%2290000064%22%2C%22102994360%22%2C%22104472865%22%2C%2290000



17.    On information and belief, Defendants' employees work in this District in at least

the following teams: Corporate Strategy, Product Management, Product Development, Software

Development, UX & Development, Communications & Public Policy, Software Engineering,

Legal, Innovation & Patents, Design & User Experience, and Sales & Marketing. Defendants'

employees in those divisions work, at least in part, on PayPal Commerce Platform products or in

subject matters related to the PayPal Commerce Platform products that are relevant to the claims

or defenses in this action.

---

724%22%5D&keywords=paypal&origin=FACETED_SEARCH&sid=fAq (last visited
November 20, 2022).

18.     On information and belief, several PayPal personnel, including without limitation PayPal employees, located in this District are key fact witnesses in this litigation, such that eCardless intends to require them to testify at trial.

19.     Despite laying off a significant number of workers,[2] the Careers section of PayPal website as of the date of this Complaint shows at least a total of 151 jobs available in this District in Austin:[3]



## Jobs at PayPal

Of these 151 jobs advertised as of the date of this Complaint as being available in this District, the overwhelming majority are related to financial services and online payment technologies.

20.     Important members of PayPal's strategic payments team that Plaintiff plans to call as witnesses at trial are located in Austin. For example and without limitation, on information and belief, Curtis Keith, a PayPal executive for Global Strategic Payments and Payment Integrations,[4] and Jyothi S., PayPal's Senior Product Manager for Payments and Fintech,[5] work in PayPal's Austin offices on payments issues related to this litigation in this District.

---

[2] See https://www.protocol.com/bulletins/paypal-layoffs-continue (last visited November 20, 2022).
[3] See https://paypal.eightfold.ai/careers?location=Austin%2C%20Texas%2C%20United%20States%20of%20America&pid=274891342784&Country=United%20States%20of%20America&domain=paypal.com (last visited November 20, 2022).
[4] https://www.linkedin.com/in/curtiskeith/ (last visited November 20, 2022).
[5] https://www.linkedin.com/in/jyothisrirangam/ (last visited November 20, 2022).

6



21.    Important members of PayPal's strategic patent team that Plaintiff plans to call as witnesses at trial are located in Austin. For example and without limitation, on information and belief, PayPal's Senior Legal Counsel for Innovation and Patents,[6] Raquel Buckley, PayPal's Senior Patent Counsel,[7] Michael Lu, PayPal's Senior Patent Counsel,[8] and Alex Courtade, PayPal's Senior Legal Counsel in charge of strategically managing PayPal's patent portfolio,[9] work in PayPal's offices on strategic patent issues related to this litigation in this District:

---

[6] See https://www.linkedin.com/in/martin-wojcik-9646807/ (last visited November 20, 2022).
[7] See https://www.linkedin.com/in/raquelbuckley/(last visited November 20, 2022).
[8] See https://www.linkedin.com/in/michaelslu/ (last visited November 20, 2022).
[9] https://www.linkedin.com/in/alexcourtade/ (last visited November 20, 2022).



**Martin Wojcik** · 2nd
Sr. Legal Counsel – Innovation and Patents at PayPal
Austin, Texas Metropolitan Area · Contact info

### Experience


**Innovation and Patent Counsel**
PayPal
Apr 2016 – Present · 6 yrs 8 mos
Austin, Texas Area

---



**Raquel Buckley, JD, PhD** · 2nd
Senior Patent Counsel at PayPal
Austin, Texas, United States · Contact info

### Experience


**PayPal**
6 yrs 3 mos
Austin, Texas Area

- **Senior Patent Counsel**
  Mar 2018 – Present · 4 yrs 9 mos

- **Patent Counsel**
  Sep 2016 – Present · 6 yrs 3 mos

---



**Michael Lu** · 2nd
Patent Prosecution Counsel at PayPal
Austin, Texas, United States · Contact info

### Experience


**Senior Patent Counsel**
PayPal
Apr 2016 – Present · 6 yrs 8 mos
Austin, TX

---

### Experience


**Senior Legal Counsel**
PayPal · Full-time
Apr 2016 – Present · 6 yrs 8 mos
Austin, Texas Area

Patents—Manage and strategically assess large patent portfolio; create new patents covering technologies across PayPal's ecosystem. Domestic (US) and international coverage including EPO, AU, CN, and others.
Open source software (OSS)—Analyze, guide, and approve in-bound and out-bound requests. Review license terms and assess planned software usage.
Innovation—Gather and vet ideas from inventors. Conduct ideation/brainstorm sessions.
Technology—Special emphasis on computer software, computer security, systems and infrastructure, machine learning & artificial intelligence, big data (e.g. Hadoop), risk services, and payments.
Outside counsel—Manage strategy. Direct and oversee preparation and prosecution of patents.



**Alex Courtade** · 2nd
Senior Legal Counsel at PayPal
Austin, Texas, United States · Contact info

8

22.     Important members of PayPal's strategic commerce team that Plaintiff plans to call as witnesses at trial are located in Austin.  For example and without limitation, on information and belief, Mark Britto, PayPal's Executive Vice President and Chief Product Officer, who is "[r]esponsible for PayPal's end-to-end product and engineering organizations… to advance PayPal's position as the preferred digital payment method for consumers and merchants,"[10] John Kim, PayPal's Executive Vice President and Chief Product Officer who "leads the consumer and merchant product and engineering teams working to advance PayPal's position as a leader in digital payments and commerce for consumers and merchants,"[11] Shawn Catoe, PayPal's Senior Software Engineering Manager and former Principal Architect for Payments Processing and Senior Technical Lead for Architecture for Payments Processing,[12] work in PayPal's Austin offices on strategic commerce issues related to this litigation in this District:

**Experience**

 **PayPal**
5 yrs 5 mos

**EVP Chief Product Officer**
Feb 2020 – Present · 2 yrs 10 mos

Responsible for PayPal's end-to-end product and engineering organizations, overseeing the company's Omni Payments and Branded Experiences teams to advance PayPal's position as the preferred digital payment method for consumers and merchants around the globe. Additionally, he leads the team responsible for furthering the company's strategies to provide credit solutions that drive increased engagement for consumers and growth for merchants.

**EVP Global Sales and Credit**
Feb 2019 – Feb 2020 · 1 yr 1 mo

Oversee the sales and distribution of PayPal's products and services, client management and partner development. Additionally, I lead the team responsible for advancing the company's strategies to provide credit options that drive increased engagement for consumers and growth for merchants. My focus is on growing PayPal's position as the preferred digital payment method for consumers and merchants around the globe.

**SVP of Global Credit and Core Markets**
Jul 2017 – Feb 2019 · 1 yr 8 mos

Responsible for transforming PayPal's credit organization and building its successful growth strategy and led PayPal's commercial teams in the company's largest and most established markets.


**Mark Britto** · 2nd
EVP Chief Product Officer at PayPal
Austin, Texas Metropolitan Area · **Contact info**



---

[10] https://www.linkedin.com/in/markbritto/ (last visited November 20, 2022).
[11] https://www.linkedin.com/in/johnckim/ (last visited November 20, 2022).
[12] https://www.linkedin.com/in/shawn-catoe/ (last visited November 20, 2022).

### Experience



**EVP Chief Product Officer**
PayPal · Full-time
Sep 2022 – Present · 3 mos
Austin, Texas Metropolitan Area

Our mission is to democratize financial services to ensure that everyone, regardless of background or economic standing, has access to affordable, convenient, and secure products and services to take control of their financial lives.

We believe access to affordable and convenient financial services should be a right for all rather than a privilege for the few. To achieve this, we are aligned across the company around one central vision: to make the movement and management of money as simple, secure, and affordable as possible. As we democratize financial services, we can enable the hopes, dreams, and ambitions of millions of people around the world.

**John Kim** · 2nd
EVP Chief Product Officer, PayPal
Austin, Texas, United States · Contact info

### Experience



**PayPal**
5 yrs 3 mos

- **Senior Software Engineering Manager ~ Identity**
Full-time
Jul 2019 – Present · 3 yrs 5 mos
Austin, Texas Metropolitan Area

  Managing multiple teams responsible for Business and Tenants Profile Management.

- **Principal Architect ~ Payments Processing**
Sep 2017 – Jul 2019 · 1 yr 11 mos
Austin, Texas Area

  • Generated in $33M of added revenue in 2018; on track toward $1.1B incremental revenue by 2021.
  • The percentage improvement in authorization rates resulted in partners directing more traffic to PayPal.
  • Managed the team doing solution design and development to integrate with Mastercard's ABU, American Express' CardRefresher and Visa's VAU solutions.
  • Managed the team doing solution design and development to obtain ad-hoc updates from issuers such as Chase, Wells Fargo and Discover.
  • Patent pending for "Framework to process Financial Reference Data"



  **PP-TPVGrowth.jpg**
  The Auth-Rate program contributed to the bending of this curve in Q4 of 2018



**Shawn Catoe** · 3rd
Technology Leader ~
Austin, Texas Metropolitan Area · Contact info



**Senior Technical Lead of Architecture ~ Credit and Payments Processing**
PayPal
Jun 2011 – Sep 2016 · 5 yrs 4 mos
Austin, Texas Area

• Designed and implemented PayPal's enterprise wide Stand-In (STIP) ability complete w real-time transaction processing and stateful, scheduled transaction replay.
• Led the quality and engineering excellence discipline effort for PayPal's Global Credit Expansion of ~150 engineers.
• Replatformed PayPal's Account Updater solution from a batch system to an event driven system thereby improving the performance from 6M records/month to 30M records/month.
• Lead architect for the Russia roll-out, a full introduction of the PayPal experience for Russia.

23.    Important members of PayPal's strategic web/mobile platforms teams that Plaintiff plans to call as witnesses at trial are located in Austin. For example and without limitation, on information and belief, Rama Kolli, PayPal's Director of Engineering, Web/Mobile Platforms &

PayPal (hybrid/multi) Cloud Console,[13] Matt Edelman, PayPal's Web Platform Engineering Manager,[14] Satish Nekkalapudi, PayPal's Web Architect for PayPal Wallet and iOS Engineer,[15] Matt Edelman, PayPal's Web Platform Engineering Manager,[16] and Soriyany Keo, PayPal's Senior iOS Software Engineer[17] work in PayPal's Austin offices on strategic web/mobile platforms related to this litigation in this District:



11

← **Experience**

 **PayPal**
15 yrs 1 mo

○ **Web Platform Engineering Manager**
Nov 2016 - Present · 6 yrs 1 mo
San Jose, CA

Manage NodeJS infrastructure team. Team is responsible for common nodejs modules required for all PayPal production applications, CD support, pattern development, performance investigations, interfacing with rest of PayPal infrastructure and living alongside other technology stacks.

○ **Software Framework Architect**
Jan 2014 - Nov 2016 · 2 yrs 11 mos

Author, release, train and support on open source nodejs modules; areas of focus are express-based http applications and selenium-webdriver testing

○ **UI Architect**
Jan 2013 - Jan 2014 · 1 yr 1 mo

author, train, support on nodejs modules used to build and test web applications and REST APIs at PayPal

○ **User Interface Engineer, MTS1**
Mar 2011 - Jan 2013 · 1 yr 11 mos
San Jose, CA

Responsible for overall technical direction and quality of PayPal's Mobile mCommerce web stack. Research and integration of new libraries/frameworks/technologies. Train team on implementation of new technologies and overall best practices. Node.js adoption.

○ **Senior Web Developer**
Nov 2007 - Mar 2012 · 4 yrs 5 mos



**Matt Edelman** (He/Him) · 3rd
Web Platform Engineering Manager at PayPal
Manor, Texas, United States · Contact info

← **Experience**

 **PayPal**
10 yrs 8 mos

○ **Web Architect, PayPal Wallet**
Oct 2019 - Present · 3 yrs 2 mos

○ **Lead Full Stack / Web Engineer, PayPal Wallet**
Full-time
Mar 2016 - Present · 6 yrs 9 mos
Austin, Texas Area

All things with Wallet across 180+ countries
- Transfer funds in/out - add funds, withdraw
- Build platforms for bank partnerships & rewards
- Cards, banks
- Google Pay
- Choice

○ **iOS Engineer**
Sep 2015 - Mar 2016 · 7 mos
San Francisco Bay Area

- Contributed to PayPal IOS Version 6.0 launch
- Contributed to Rate the App, Notifications, Deep Linking, Accessibility, Infra support for the App.
- Developed BOT to migrate Applause bugs & feedback to JIRA and auto assign to right teams.
- Added support for IOS UI Tests and setup CI to run UI Tests using Fastlane.
- Prototyped IOS Bots to Perform Continuous Integrations.

○ **Staff UI / Software Engineer (MTS)**
Apr 2012 - Sep 2015 · 3 yrs 6 mos
San Francisco Bay Area

PayPal Credit:
- Developing the consumer facing PayPal Credit home & Payment page with the ability to schedule, modify and cancel for one-time or recurring payments supporting across multiple countries.
- Building reusable components that can be shared across multiple web applications.
- Building JavaScripts widgets used @paypal.com.

**Satish Nekkalapudi** · 3rd
Web Architect, PayPal Wallet
Austin, Texas, United States · Contact info

← **Experience**



**PayPal**
15 yrs 1 mo

**Web Platform Engineering Manager**
Nov 2016 - Present · 6 yrs 1 mo
San Jose, CA

Manage NodeJS infrastructure team. Team is responsible for common nodejs modules required for all PayPal production applications, CD support, pattern development, performance investigations, interfacing with rest of PayPal infrastructure and living alongside other technology stacks.

**Software Framework Architect**
Jan 2014 - Nov 2016 · 2 yrs 11 mos

Author, release, train and support on open source nodejs modules; areas of focus are express-based http applications and selenium-webdriver testing

**UI Architect**
Jan 2013 - Jan 2014 · 1 yr 1 mo

author, train, support on nodejs modules used to build and test web applications and REST APIs at PayPal

**User Interface Engineer, MTS1**
Mar 2011 - Jan 2013 · 1 yr 11 mos
San Jose, CA

Responsible for overall technical direction and quality of PayPal's Mobile mCommerce web stack. Research and integration of new libraries/frameworks/technologies. Train team on implementation of new technologies and overall best practices. Node.js adoption.

**Senior Web Developer**
Nov 2007 - Mar 2012 · 4 yrs 5 mos



**Matt Edelman** (He/Him) · 3rd
Web Platform Engineering Manager at PayPal
Manor, Texas, United States · Contact info

**Soriyany Keo** · 3rd
Senior iOS Software Engineer
Austin, Texas, United States · Contact info

**Experience**

 **Senior Software Engineer**
PayPal · Full-time
Jan 2022 - Present · 11 mos
Austin, Texas, United States

24.     Important members of PayPal's commerce security team that Plaintiff plans to call as witnesses at trial are located in Austin. For example and without limitation, on information and belief, Debbie LoJacono-Vasquez, who is a "Technology Visionary" who "enable[s] breakthrough cybersecurity solutions for competitive market differentiation" including "financial platforms for secure digital, card, crypto, and merchant ecosystems,"[18] Patrick Weaver, PayPal's Cyber Security Lead - Cloud and Configuration Management,[19] Akshay Bhaskaran, PayPal's Security Engineer

---

[18] https://www.linkedin.com/in/debbievasquez/ (last visited November 20, 2022).
[19] https://www.linkedin.com/in/patrickatx/ (last visited November 20, 2022).

for Cryptography Engineering,[20] Vijay Chandar, PayPal's Lead Infrastructure Security Engineer,[21] Corey Zimmerman, PayPal's Security Project Manager for Identity and Access Management,[22] Nayana Teja Talluri, PayPal's Security Integration Lead for Enterprise Cyber Security (Identity and Access Management),[23] Michelle Chance, PayPal's VP and former Head of Enterprise Cybersecurity Products and Services, who "[l]ed the Cybersecurity Engineering team for all security tools, platforms and services,"[24] Paul Williams, PayPal's Senior Information Security Engineer,[25] Tony Xia, PayPal's Senior Manager of Software Development who "Lead[s] development of scalable risk management solutions that prevent fraud losses for millions of payment transactions,"[26] Elmustafa Erwa, PayPal's Director of Software Engineering who "Lead[s] the Identity Management Platform Engineering organization [at PayPal]"[27] work in PayPal's Austin offices on commerce security related to this litigation in this District:



**Experience**



**PayPal**
2 yrs 11 mos

- **Sr. Product Director (Technical) - Cybersecurity Product Operations**
  Apr 2022 - Present · 8 mos

- **Sr. Product Manager (Technical)- Zero Trust & Identity Access Products**
  Full-time
  2020 - Present · 2 yrs 11 mos
  Austin, Texas, United States

• Leading the enterprise Passwordless authentication product strategy, proof of concept, and delivery roadmap.
• Driving a zero-trust/BeyondCorp product vision and strategy for an identity-aware perimeter-less security transformation.
• Drive Identity and Access product roadmaps and IAM/IGA enterprise cybersecurity product strategy
• Responsible for product management of large scale global IGA platform integrations, migrations, and feature enhancements
• Responsible for global enterprise-wide SSO/MFA product management

**Debbie LoJacono-Vasquez** (She/Her) · 2nd
Sr. Technical Product Manager - Cybersecurity, e-Commerce & Paytech
Austin, Texas, United States · Contact info

---

[20] https://www.linkedin.com/in/akshaybhaskaran/ (last visited November 20, 2022).
[21] https://www.linkedin.com/in/vijaychandar/ (last visited November 20, 2022).
[22] https://www.linkedin.com/in/coreyszimmerman/ (last visited November 20, 2022).
[23] https://www.linkedin.com/in/nayana-teja-talluri/ (last visited November 20, 2022).
[24] https://www.linkedin.com/in/michelle-chance-it42/ (last visited November 20, 2022).
[25] https://www.linkedin.com/in/pauldwilliams/ (last visited November 20, 2022).
[26] https://www.linkedin.com/in/xia888/ (last visited November 20, 2022).
[27] https://www.linkedin.com/in/elmustafa-erwa-630b3b1/ (last visited November 20, 2022).



**Patrick Weaver** · 3rd
Cyber Security Lead – Cloud and Configuration Mgmt
Austin, Texas, United States · Contact info

## Experience



**Information Security**
PayPal
Nov 2015 – Present · 7 yrs 1 mo

### Experience



Security Engineer (Member of Technical Staff 1), Cryptography Engineering
PayPal · Full-time
Mar 2021 – Present · 1 yr 9 mos
Austin, Texas, United States

Member of Technical Staff

**VISA** Visa
Full-time · 3 yrs 11 mos
Austin, Texas Area

Senior Cybersecurity Engineer, Data Protection and Security Architecture
Jan 2020 – Mar 2021 · 1 yr 3 mos

· Serving as the primary architect and engineering owner of tokenization service that provides SST and
FPE based encryption mechanisms to various internal applications                    ...see more

Cybersecurity Engineer, Data Protection and Security Architecture
May 2017 – Mar 2021 · 3 yrs 11 mos

· Work closely with product development teams and other technology architects to ensure all sensitive
data is secure and 100% protected at various levels                    ...see more

**Akshay Bhaskaran** · 2nd
Security Engineer | Cryptography Engineering at PayPal | Ex-Visa
Austin, Texas Metropolitan Area · Contact info



## Experience



**Senior Security Engineer**
PayPal
Mar 2015 – Present · 7 yrs 9 mos
Austin, Texas Metropolitan Area

Assisted eBay and PayPal split
Currently leading Cybersecurity operations 24x7x365 keeping the lights on :)

**Vijay Chandar [CISM CISA] ex-PwC ex-T-Mobile** · 2nd
Lead Infrastructure Security Engineer at PayPal
Austin, Texas Metropolitan Area · Contact info

## Experience

**Security Product Manager - Technical**
PayPal · Full-time
Sep 2020 – Present · 2 yrs 3 mos
Austin, Texas, United States

**Corey Zimmerman** (He/Him) · 2nd
Security Product Manager (IAM)@PayPal
Round Rock, Texas, United States · Contact info



**Nayana Teja Talluri** · 3rd
Security Integration Lead at PayPal Inc | Enterprise Cyber Security (IAM)
Austin, Texas, United States · Contact info

## Experience



**Security Integration Lead in Enterprise Cyber Security**
PayPal · Full-time
Feb 2021 – Present · 1 yr 10 mos
Austin, Texas, United States



**Michelle Chance** · 2nd
Technology and Software Engineering Executive
Austin, Texas Metropolitan Area · Contact info

Experience

 **PayPal**
Full-time · 2 yrs 2 mos

· **Sr. Director, Head of Enterprise CyberSecurity Products and Services**
Oct 2020 - Oct 2022 · 2 yrs 1 mo
Austin, Texas, United States

Led the Cybersecurity Engineering team for all security tools, platforms and services protecting PayPal. My engineering delivery teams provided Enterprise Access, Application and Product Security, Cryptography, Data Protection, Threat Management Engineering, Cloud Security and Security Analytics to enable PayPal employees to do their work safely and protect the product and brand of PayPal.

## Experience

 **Senior Information Security Engineer**
PayPal · Full-time
Nov 2016 – Present · 6 yrs 1 mo
Austin, TX

Vulnerability Management Operations Team - Managing the day to day threats both internal and external to PayPal and it's associated brands technical infrastructure. To include corporate and regulatory compliance, tracking and remediation. Providing a depth and understanding of the various technical flaws, the exposures they create and how to best mitigate the current exposures.

Quality Engineering Security Team - Provide End To End Security Assessment, Penetration Testing and Vulnerability validation within the Corporate Network. Cross-Team engagement with business, IT and InfoSec groups ensuring overall system security evaluation, policy and compliance certification and attestation. Day to day, hands on with technology and security tools, as well as significant involvement with the policy and governance roles.



**Paul Williams** · 2nd
Senior Information Security Engineer at PayPal
Austin, Texas, United States · Contact info

## Experience

 **PayPal**
15 yrs 2 mos

· **Software Development Manager**
Apr 2015 – Present · 7 yrs 8 mos
San Francisco Bay Area

Leading development of scalable risk management solutions that prevent fraud losses for millions of payment transactions; Development and management of business rules engine and rich dataset, ensuring timely production changes of business policy and rules; Addressing data and decision quality in big data environment

· **Principal Software Engineer**
Oct 2007 – Apr 2015 · 7 yrs 7 mos
Austin, Texas Area

Development of various scalable server applications for risk management addressing fraud detection, prevention and mitigation



**Tony Xia** · 2nd
Senior Manager of Software Development at PayPal
Austin, Texas, United States · Contact info

16



25.     Important members of PayPal's strategic communications and marketing team that Plaintiff plans to call as witnesses at trial are located in Austin.  For example and without limitation, on information and belief, Ryan Olexson, PayPal's Global Employee Editorial Manager and former Global Communications Manager,[28] Kurt Campisano, PayPal's SVP of Global Sales,[29] Megan Matthews, PayPal's Vice President for Global Communications and former Senior Director and Global Head of Product & Technology Communications,[30] work in PayPal's Austin offices on strategic communications, marketing, and sales issues related to this litigation in this District:

---

[28] https://www.linkedin.com/in/ryanolexson/ (last visited November 20, 2022).
[29] https://www.linkedin.com/in/kurt-campisano-a50227/ (last visited November 20, 2022).
[30] https://www.linkedin.com/in/meganmmc/ (last visited November 20, 2022).









26.     Important members of PayPal's strategic regulatory, risk, and compliance team that Plaintiff plans to call as witnesses at trial are located in Austin.  For example and without limitation, on information and belief, Robert Hurst, PayPal's Vice President for Global Financial Crime and Customer Protection,[31] and Valeria Mendonca, PayPal's Lead for Business Risk and Control[32]

---

[31] https://www.linkedin.com/in/robert-hurst-34bb501b/ (last visited November 21, 2022).
[32] https://www.linkedin.com/in/valeria-mendonca-93846a63/ (last visited November 21, 2022).

work in PayPal's Austin offices on strategic regulatory risk, and compliance issues related to this litigation in this District:



**Experience**



**PayPal**
6 yrs 5 mos

- **Vice President, Global Financial Crime and Customer Protection**
  Nov 2020 - Present · 2 yrs 1 mo
  Austin, Texas, United States

  Global Head of Sanctions Compliance & Head of Identity and Customer Protection Investigations

- **Sr. Director, Global Sanctions Compliance**
  Jul 2016 - Oct 2020 · 4 yrs 4 mos
  Greater New York City Area

  Global Head of Sanctions Compliance

**Robert Hurst** · 2nd
Vice President, Global Financial Crime and Customer Protection
Austin, Texas, United States · Contact info

**Experience**



**PayPal**
7 yrs 6 mos

- **Business Risk and Control Lead**
  Oct 2022 - Present · 2 mos
  Austin, Texas, United States

- **Risk and Compliance Supervisor**
  Full-time
  Aug 2019 - Sep 2022 · 3 yrs 2 mos

  - Lead and participate in projects created to meet new regulations published by the Brazilian Central Bank (BACEN), such as AML, Interoperability, Ope ...see more

- **Sales**
  Jun 2015 - Aug 2019 · 4 yrs 3 mos
  PayPal

  My job and goal is to establish and develop PayPal's relationships with clients in Brazil. My portfolio has 350 middle and large companies, with whom I i ...see more



**Valeria Mendonca** · 3rd
Regulatory, Risk, Compliance and Governance
Austin, Texas, United States · Contact info



**Pagamentos online no Brasil e no exterior - PayPal Brasil**
PayPal é a maneira mais rápida e segura de pagar online sem compartilhar seu número de cartão de crédito ou conta...

27.   Many important third-party witnesses that Plaintiff plans to call as witnesses at trial are located in Austin, including without limitation the following:

- Mark Lavelle, former PayPal Senior Vice President, Corporate Development, Strategy & New Ventures;[33]

---

[33] https://www.linkedin.com/in/mklave/details/experience/ (last visited November 21, 2022).

- Brent Bellm, former PayPal VP of Global Product and VP of Strategy ("Member of PayPal's executive leadership team during the first eight years post eBay acquisition; Led global product management.")

- Jack Gibson, former PayPal Chief Architect Payments Platform and Principal Architect for PayPal's Cloud Strategy;[34]

- Robert Campbell, former PayPal Director of Product Marketing Tools & Capabilities and Senior Program Manager as well as Product Manager for Billing and Payments in charge of "[m]anaging the entire pricing portfolio for global and regional initiatives for pricing within PayPal, including planning, execution and regulatory/financial compliance."[35]

- Bill Leddy, former PayPal Principal Security Strategist "[f]ocused on user authentication and device identification strategy."[36]

- Terence Spielman, former PayPal Senior Director of Product Development, Distinguished Architect, and General Manager of PayPal Data Services in charge of the Austin office of PayPal.[37]

- Chad Oliver, former PayPal Senior Manager for Core Payments.[38]

- Rashmi Prakash, former Director and Principal Architect for Payments group at PayPal.[39]

- John Lehr, former PayPal Americas Director for Seller Risk Management, including "launching the Austin office [of PayPal]" and "managing the risk in the America's seller

---

[34] https://www.linkedin.com/in/jackgibson2/ (last visited November 21, 2022).
[35] https://www.linkedin.com/in/robertwcampbell/ (last visited November 21, 2022).
[36] https://www.linkedin.com/in/bill-leddy-b511251/ (last visited November 21, 2022).
[37] https://www.linkedin.com/in/terencespielman/ (last visited November 21, 2022).
[38] https://www.linkedin.com/in/chadoliver/ (last visited November 21, 2022).
[39] https://www.linkedin.com/in/rashmiprakash/ (last visited November 21, 2022).

portfolio and balancing the unique risks and challenges associated with buyer protections liability and merchant transaction approval."[40]

- Billy Runyan, former Chief Architect and Head of Architecture for PayPal, "including web, mobile, voice, and messaging products."[41]

- Gregor Moulton, former Director of User Experience Design for PayPal, including being a "Design visionary of the digital wallet."[42]

- Avery Kadison, former PayPal Director of New Ventures Risk Strategy, Director of Consumer Risk Management, and Group Product Manager for Financial Products, who "[l]ed a team responsible for Risk Strategy in four areas: Point of Sale/Physical Retail, Mobile, Digital Goods, and the PayPal API Platform" and "[s]hared in PayPalian Award for team with greatest impact."[43]

- Emmanuel Gotsis, former Executive consultant for Global Brand and Marketing Strategy, who "[l]ed development and execution of global brand and marketing program strategies across all PayPal business units and channels."[44]

- Attaullah Baig, former Security Engineering Leader for PayPal, who "delivered services for identity, authentication, step up authentication, access management and control" and "[d]elivered solutions for data protection, key management, secure communication."[45]

---

[40] https://www.linkedin.com/in/john-lehr-4826951/ (last visited November 21, 2022).
[41] https://www.linkedin.com/in/billyrunyan/ (last visited November 21, 2022).
[42] https://www.linkedin.com/in/gregormoulton/ (last visited November 21, 2022).
[43] https://www.linkedin.com/in/avery/ (last visited November 21, 2022).
[44] https://www.linkedin.com/in/emmanuel-gotsis-6353402/ (last visited November 21, 2022).
[45] https://www.linkedin.com/in/attaullahbaig/ (last visited November 21, 2022).

28.     Further, PayPal in previous patent cases in this District has not contested proper venue. *See PayPal, Inc. v. RetailMeNot, Inc.*, 6:20-cv-00339-ADA, Dkt. No. 29, August 1, 2020.

## THE PATENTS-IN-SUIT

29.     On October 6, 2006, United States Patent No. 7,599,862 B2 ("the '862 patent"), entitled "TRANSFERRING FUNDS IN CONNECTION WITH INTERNET ORDERS USING ORDER VARABLES FROM TWO SOURCES AND AUTHENTICATION" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to eCardless Bancorp, Ltd. A true and correct copy of the '862 patent is attached hereto as **Exhibit A**.

30.     The '862 patent claims patent-eligible subject matter.

31.     The '862 patent expired on November 8, 2021, but nonetheless is enforceable for a period of six years from its expiration date under 35 U.S.C. § 286.

32.     eCardless is the exclusive owner by assignment of all rights, title, and interest in the '862 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '862 patent.

33.     Defendants are not licensed to the '862 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '862 patent whatsoever.

34.     On October 6, 2006, United States Patent No. 7,599,863 B2 ("the '863 patent"), entitled "ORDER FILE PROCESSING USING ORDER VARABLES FROM TWO SOURCES AND AUTHENTICATION" was duly and legally issued by the USPTO to eCardless Bancorp, Ltd.  A true and correct copy of the '863 patent is attached hereto as **Exhibit B**.

35.     The '863 patent claims patent-eligible subject matter.

36.     The '863 patent expired on November 8, 2021, but nonetheless is enforceable for a period of six years from its expiration date under 35 U.S.C. § 286.

37.     eCardless is the exclusive owner by assignment of all rights, title, and interest in the '863 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '863 patent.

38.     Defendants are not licensed to the '863 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '863 patent whatsoever.

39.     On December 1, 2015, United States Patent No. 9,202,206 B2 ("the '206 patent"), entitled "SECURE FINANCIAL TRANSACTION PROCESSING USING LOCATION INFORMATION" was duly and legally issued by the USPTO to eCardless Bancorp, Ltd.  A true and correct copy of the '206 patent is attached hereto as **Exhibit C**.

40.     The '206 patent claims patent-eligible subject matter.

41.     The '206 patent expired on September 25, 2020, but nonetheless is enforceable for a period of six years from its expiration date under 35 U.S.C. § 286.

42.     eCardless is the exclusive owner by assignment of all rights, title, and interest in the '206 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '206 patent.

43.     Defendants are not licensed to the '206 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '206 patent whatsoever.

44.     On October 10, 2017, United States Patent No. 9,785,942 B2 ("the '942 patent"), entitled "METHODS FOR PERFORMING INTERNET PROCESSES USING GLOBAL

POSITIONING AND OTHER MEANS" was duly and legally issued by the USPTO to eCardless Bancorp, Ltd.  A true and correct copy of the '206 patent is attached hereto as **Exhibit D**.

45.     The '942 patent claims patent-eligible subject matter.

46.     The '942 patent expired on November 15, 2021, but nonetheless is enforceable for a period of six years from its expiration date under 35 U.S.C. § 286.

47.     eCardless is the exclusive owner by assignment of all rights, title, and interest in the '942 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '942 patent.

48.     Defendants are not licensed to the '942 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '942 patent whatsoever.

49.     The '862, '863, '206, and '942 patents are collectively referred to herein as the "eCardless Patents" or the "patents-in-suit."

50.     Plaintiff has fulfilled its obligations, if any, under 35 U.S.C. § 287.

## ACCUSED INSTRUMENTALITIES

51.     Defendants manufacture, use, test, market, offer for sale, sell and/or import into the United States methods and systems for purchasing on the internet through its PayPal Commerce Platform division and/or other divisions.

52.      Hereafter, the term "Accused Instrumentalities" or "Accused Products" refers to all products manufactured, used, tested, imported, or sold or offered for sale by or on behalf of Defendants practicing the patents-in-suit and all processes employed by Defendants that practice the patents-in-suit, consisting of at least Defendants' the PayPal payments platforms, including without limitation web- and app-based platforms such as, without limitation, PayPal's payment

24

platforms accessible via web browsers and PayPal's Android and iOS applications and related software.

53.    To the extent that PayPal was making, developing, and/or using other products internally in a manner which infringed any of the patents-in-suit before the expiration of the patents-in-suit, such products are also specifically included in the Accused Instrumentalities.

## ALLEGATIONS RELATED TO INDIRECT INFRINGEMENT

54.    Defendants have knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted, and induced others (such as, without limitation, Defendants' customers in this District and throughout the United States) to directly infringe and have contributorily infringed each of the patents-in-suit.

55.    Published on PayPal's internet site are product manuals and articles written by PayPal. These product manuals and online articles outline how to enable each of the infringing features.

56.    For instance, and by way of example, PayPal published an article on its internet site entitled "How does online payment processing work?" on December 2, 2020. That article is publicly available at https://www.paypal.com/us/brc/article/what-is-a-payment-gateway.

57.    The PayPal article instructs new end users of the PayPal Commerce Platform how to utilize the PayPal Commerce Platform.

58.    Additional online content produced by PayPal and is publicly disseminated on its internet site and other public internet sites evidence PayPal's direct infringement and its inducement of direct infringement by end users.

59.    For instance, and by way of example, PayPal published an instructional article on its internet site entitled "Adding PayPal Checkout to Your 3rd-party Shopping Cart" in which

PayPal instructs the users how to practice the infringing features. That article is publicly available at https://www.paypal.com/cgi-bin/webscr?cmd=p/pdn/howto_checkout-outside (last visited November 21, 2022).

60.     For instance, PayPal established and regularly maintains an internet site for developers on which PayPal publishes and/or allows third-parties to publish instructional content to instruct end users how to utilize the infringing features. That internet site is publicly available at https://developer.paypal.com/home (last visited November 21, 2022)..

61.     PayPal also engages in significant efforts to disseminate advertising and public information regarding the Accused Instrumentalities, which also induce infringement by third parties including end users.

62.     For instance, and by of way example, "PayPal," an official account of PayPal, published a video entitled "How PayPal Works" on YouTube on March 11, 2015. That video is publicly available at https://www.youtube.com/watch?v=WB370ewOklw (last visited November 21, 2022).

63.     Finally, PayPal's entire business model requires end users to consummate payments to each other on its platform using the users' depository or other financial accounts, thereby generating fees and other proceeds derived from the transactions which constitute the company's revenue.

## COUNT I
## PATENT INFRINGEMENT OF THE '862 PATENT

64.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

65.     Defendants, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without

limitation at least claim 1 of the '862 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Instrumentalities.

66.     Defendants also indirectly infringed the '862 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

67.     Defendants knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '862 patent (such as its customers in this District and throughout the United States) in violation of in violation of 35 U.S.C. § 271(b).

68.     Defendants contributorily infringed and are contributory infringers because, with knowledge of the '862, they supplied a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.

69.     Defendants contributed to their customers' infringement because, with knowledge of the '862 patent, Defendants supplied the technology that allowed their customers to infringe the '862 patent in violation of 35 U.S.C. § 271(c).

70.     Defendants had knowledge that their activities concerning the Accused Instrumentalities infringed one or more claims of the '862 patent.

71.     Defendants' customers, such as consumers or end users, actually infringed claims of the '862 patent by using the Accused Instrumentalities in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

72.     Further, Defendants provided information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendants' Accused Instrumentalities (which are acts of direct infringement of the '862 patent).

73.     Alternatively, Defendants knew and/or should have known that there was a high probability that the importation, sale, offer for sale, and use of the Accused Instrumentalities constitutes direct infringement of the '862 patent but took deliberate actions to avoid learning of these facts.

74.     On information and belief, Defendants' infringement of the '862 patent was willful and merits increased damages.

75.     On information and belief, Defendants have made no attempt to design around the claims of the '862 patent.

76.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '862 patent were invalid.

77.     On information and belief, Defendants' Accused Instrumentalities were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

78.     eCardless has been damaged as the result of Defendants' willful infringement.

79.     Defendants have caused eCardless irreparable injury and damage by infringing one or more claims of the '862 patent.

80.     The claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim 1 from the '862 patent are infringed by the Accused Instrumentalities. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Preliminary and Final Infringement Contentions at the time required under this Court's scheduling order and local rules.

### COUNT II

## PATENT INFRINGEMENT OF THE '863 PATENT

81.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

82.     Defendants, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '863 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Instrumentalities.

83.     Defendants also indirectly infringed the '863 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

84.     Defendants knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '863 patent (such as its customers in this District and throughout the United States).

85.     Defendants contributorily infringed and are contributory infringers because, with knowledge of the '863, they supplied a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.

86.      Defendants contributed to their customers' infringement because, with knowledge of the '863 patent, Defendants supplied the technology that allowed their customers to infringe the '863 patent in violation of 35 U.S.C. § 271(c).

87.     Defendants had knowledge that their activities concerning the Accused Instrumentalities infringed one or more claims of the '863 patent.

88.     Defendants' customers, such as consumers or end users, actually infringed claims of the '863 patent by using the Accused Instrumentalities in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

89.     Further, Defendants provided information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendants' Accused Instrumentalities (which are acts of direct infringement of the '863 patent).

90.     Alternatively, Defendants knew and/or should have known that there was a high probability that the importation, sale, offer for sale, and use of the Accused Instrumentalities constitutes direct infringement of the '863 patent but took deliberate actions to avoid learning of these facts.

91.     On information and belief, Defendants' infringement of the '863 patent was willful and merits increased damages.

92.     On information and belief, Defendants have made no attempt to design around the claims of the '863 patent.

93.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '863 patent were invalid.

94.     On information and belief, Defendants' Accused Instrumentalities were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

95.     eCardless has been damaged as the result of Defendants' willful infringement.

96.     Defendants have caused eCardless irreparable injury and damage by infringing one or more claims of the '863 patent.

97.     The claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim 1 from the '863 patent are infringed by the Accused Instrumentalities. This provides details regarding only one example of Defendants' infringement, and only as to a single

patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Preliminary and Final Infringement Contentions at the time required under this Court's scheduling order and local rules.

## COUNT III
## PATENT INFRINGEMENT OF THE '206 PATENT

98.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

99.     Defendants, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '206 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Instrumentalities.

100.    Defendants also indirectly infringed the '206 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

101.    Defendants knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '206 patent (such as its customers in this District and throughout the United States).

102.    Defendants contributorily infringed and are contributory infringers because, with knowledge of the '206, they supplied a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.

103.     Defendants contributed to their customers' infringement because, with knowledge of the '206 patent, Defendants supplied the technology that allowed their customers to infringe the '206 patent in violation of 35 U.S.C. § 271(c).

104.    Defendants had knowledge that their activities concerning the Accused Instrumentalities infringed one or more claims of the '206 patent.

31

105.    Defendants' customers, such as consumers or end users, actually infringed claims of the '206 patent by using the Accused Instrumentalities in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

106.    Further, Defendants provided information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendants' Accused Instrumentalities (which are acts of direct infringement of the '206 patent).

107.    Alternatively, Defendants knew and/or should have known that there was a high probability that the importation, sale, offer for sale, and use of the Accused Instrumentalities constitutes direct infringement of the '206 patent but took deliberate actions to avoid learning of these facts.

108.    On information and belief, Defendants' infringement of the '206 patent was willful and merits increased damages.

109.    On information and belief, Defendants have made no attempt to design around the claims of the '206 patent.

110.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '206 patent were invalid.

111.    On information and belief, Defendants' Accused Instrumentalities were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

112.    eCardless has been damaged as the result of Defendants' willful infringement.

113.    Defendants have caused eCardless irreparable injury and damage by infringing one or more claims of the '206 patent.

114. The claim chart attached hereto as **Exhibit G** describes how the elements of an exemplary claim 1 from the '206 patent are infringed by the Accused Instrumentalities. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Preliminary and Final Infringement Contentions at the time required under this Court's scheduling order and local rules.

**COUNT IV**
**PATENT INFRINGEMENT OF THE '942 PATENT**

115. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

116. Defendants, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '942 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Instrumentalities.

117. Defendants also indirectly infringed the '942 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

118. Defendants knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '942 patent (such as its customers in this District and throughout the United States).

119. Defendants contributorily infringed and are contributory infringers because, with knowledge of the '942 they supplied a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.

120.     Defendants contributed to their customers' infringement because, with knowledge of the '942 patent, Defendants supplied the technology that allowed their customers to infringe the '942 patent in violation of 35 U.S.C. § 271(c).

121.     Defendants had knowledge that their activities concerning the Accused Instrumentalities infringed one or more claims of the '942 patent.

122.     Defendants' customers, such as consumers or end users, actually infringed claims of the '942 patent by using the Accused Instrumentalities in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

123.     Further, Defendants provided information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendants' Accused Instrumentalities (which are acts of direct infringement of the '942 patent).

124.     Alternatively, Defendants knew and/or should have known that there was a high probability that the importation, sale, offer for sale, and use of the Accused Instrumentalities constitutes direct infringement of the '942 patent but took deliberate actions to avoid learning of these facts.

125.     On information and belief, Defendants' infringement of the '942 patent was willful and merits increased damages.

126.     On information and belief, Defendants have made no attempt to design around the claims of the '942 patent.

127.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '942 patent were invalid.

34

128.    On information and belief, Defendants' Accused Instrumentalities were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

129.    eCardless has been damaged as the result of Defendants' willful infringement.

130.    Defendants have caused eCardless irreparable injury and damage by infringing one or more claims of the '942 patent.

131.    The claim chart attached hereto as **Exhibit H** describes how the elements of an exemplary claim 1 from the '942 patent are infringed by the Accused Instrumentalities. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Preliminary and Final Infringement Contentions at the time required under this Court's scheduling order and local rules.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff eCardless Bancorp, Ltd. respectfully requests the following relief:

A.    A judgment that Defendants directly infringed either literally and/or under the doctrine of equivalents the eCardless Patents set forth in this Complaint;

B.    A judgment that Defendants actively induced infringement of the eCardless Patents set forth in this Complaint;

C.    A judgment that Defendants contributorily infringed the eCardless Patents set forth in this Complaint;

D.    A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284;

E.     A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.     A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.     A judgment and order awarding Plaintiff costs associated with bringing this action;

H.     Such further relief as the Court deems just and equitable.


**<u>JURY TRIAL DEMANDED</u>**

Pursuant to FED. R. CIV. P. 38, Plaintiff eCardless Bancorp, Ltd. hereby demands a trial by jury on all issues so triable.

Dated: November 23, 2022           Respectfully submitted,

By: /s/ Erick S. Robinson

**<u>SPENCER FANE LLP</u>**
Erick S. Robinson
Lead Counsel
Texas Bar No. 24039142
3040 Post Oak Boulevard, Suite 1400
Houston, TX 77056
Telephone: (713) 212-2638
Mobile: (713) 498-6047
Fax: (713) 963-0859
erobinson@spencerfane.com

Kevin S. Tuttle
Missouri Bar No. 53920
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
ktuttle@spencerfane.com

Patrick M. Dunn
Texas Bar No. 24125214
816 Congress Avenue
Suite 1200
Austin, TX 78701
Telephone: (512) 840-4550
Fax: (512) 840-4551
pdunn@spencerfane.com

**<u>COTTON BLEDSOE TIGHE & DAWSON, PC,</u>**
David W. Lauritzen
Texas Bar No. 00796934
dlauritzen@cbtd.com
Bradley H. Bains
Texas Bar No. 01553980
bbains@cbtd.com
Midland, TX 79701
Telephone: (432)897-1440
Fax: (432)682-3672

***Attorneys for Plaintiff***
***eCardless Bancorp, Ltd.***

37