JOHN V. PICONE, III
(CA Bar No. 187226)
jpicone@spencerfane.com
**SPENCER FANE LLP**
225 W. Santa Clara St., Suite 1500
San Jose, CA 95113
Tel: (408) 286-5100

ERICK S. ROBINSON
(Admitted Pro Hac Vice)
erobinson@spencerfane.com
**SPENCER FANE LLP**
30340 Post Oak Blvd., Suite 1300
Suite 1500
Houston, TX 77056
Tel: (713) 498-6047

Attorneys for Plaintiff
ECARDLESS BANCORP, LTD.

NIMALKA R. WICKRAMASEKERA
(SBN: 268518)
nwickramasekera@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone:   (213) 615-1700
Facsímile:   (213) 615-1750

ROBERT N. KANG
(SBN: 274389)
rkang@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 34th Fl.
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Defendant
PAYPAL, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ECARDLESS BANCORP, LTD.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAYPAL, INC.,<br><br>　　　　　Defendant. | Case No. 5:24-cv-01054-BLF<br><br>**PUBLIC JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　May 2, 2024<br>Time:　　11:00 AM<br>Judge:　　The Honorable<br>　　　　　Beth Labson Freeman |

Pursuant to the Court's March 8, 2024 Order (Dkt. 96), Civil Local Rule 16-9(a), Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California, and Federal Rule of Civil Procedure 26(f), Plaintiff eCardless Bancorp, Ltd. ("eCardless") and Defendant PayPal, Inc. ("PayPal") (collectively, the "Parties") met and conferred regarding a discovery plan and schedule and submit the following Joint Case Management Statement.

**I.   JURISDICTION & SERVICE**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the U.S. Patent Act, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C. § 271. PayPal has been served and no other parties remain to be served. No issues exist regarding personal jurisdiction, service, or venue.

**II.  FACTS**

eCardless filed this action on November 23, 2022 against PayPal, accusing PayPal of infringing U.S. Patent Nos. 7,599,862 (the "'862 Patent"), 7,599,863 (the "'863 Patent"), 9,202,206 (the "'206 Patent"), and 9,785,942 (the "'942 Patent") ("the Asserted Patents") in the Western District of Texas. eCardless contends that PayPal's infringement has been willful and seeks available remedies.

PayPal denies it infringes any asserted claim of the Asserted Patents and asserts that the claims of the Asserted Patents are invalid and unenforceable.

On February 22, 2024, the case was transferred from the Western District of Texas ("Transferor Court") to the Northern District of California.

**III. LEGAL ISSUES**

The key legal issues concern the following subjects:

- Whether PayPal has infringed any valid and enforceable claim of the Asserted Patents;
- Whether the claims of the Asserted Patents are valid and enforceable;
- The proper construction of any disputed patent claim terms;
- If PayPal is found to have infringed the Asserted Patents, the appropriate damages from PayPal;
- Whether PayPal's infringement is willful;
- Whether this case is exceptional under 35 U.S.C. § 285; and

- Whether any forms of relief are due to any party.

The Parties anticipate other significant legal issues will be disputed as the litigation progresses.

## IV. MOTIONS

PayPal filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) in the Western District of Texas on February 17, 2023. The motion was denied as moot without prejudice to refiling on February 19, 2024 in light of the Court's order granting PayPal's Motion to Transfer. The Parties agree that PayPal may respond to the Complaint by June 3, 2024 as outlined in the proposed schedule below, or at a date of the Court's choosing. The Parties completed claim construction briefing prior to transfer, but the Transferor Court did not hold the *Markman* hearing or order any construction of any term of the Asserted Patents.

The Parties anticipate that each may move for summary judgment and may file other dispositive and non-dispositive motions as appropriate.

## V. AMENDMENT OF PLEADINGS

The Parties do not currently expect to add or dismiss parties, claims, or defenses, but reserve the right to do so in accordance with Fed. R. Civ. P. 15 and any order of this Court.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to take regarding evidence presentation. The Parties confirm that they have taken appropriate and reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties exchanged initial disclosures on November 16, 2023. eCardless served amended initial disclosures on January 11, 2024.

The Parties exchanged Final Infringement and Invalidity Contentions on January 3, 2024. To date, eCardless has not provided any computation of damages, including in response to PayPal's

Interrogatory No. 14[1], served November 16, 2023.  eCardless states it was not required to provide damages contentions under the local rules of the Transferor Court (Western District of Texas) and has objected to PayPal's interrogatory seeking this information on that basis. eCardless will serve its damages contentions in compliance with this Court's local rules and the case schedule, a joint proposed version of which is enclosed as Appendix A.[2]

## VIII. DISCOVERY

### A. Discovery Taken to Date

The Parties have both served interrogatories and document requests. Not including venue discovery, PayPal has propounded 18 interrogatories and 29 requests for production. Similarly, eCardless has propounded 11 interrogatories and 42 requests for production. The Parties have exchanged document productions and have been engaging in ongoing discussions. To date, PayPal has taken one deposition (1.37 hours), and eCardless has taken three depositions (5.03 hours).

PayPal has also sought discovery from eight third parties. Counsel for eCardless represents all of these third parties for the purpose of responding to PayPal's discovery subpoenas and has served objections and responses to PayPal's subpoenas. Of the seven third parties from whom PayPal requested documents, so far only three have produced documents prior to the case transfer order staying discovery. No third parties have produced documents after the transfer order.

### **PAYPAL'S POSITION**:

The following unresolved discovery disputes were raised prior to the transfer order.

---

[1] *See* Ex. 2 ("

[2] eCardless objects to PayPal's premature and improper attempt to raise a purported discovery dispute via Case Management Statement.

1. **Third Party emails:** eCardless's counsel has refused to search for responsive emails in the possession or control of the third parties that they represent, including eCardless shareholders.[3]

2. **Ownership of eCardless:** As discussed in Section XI below, eCardless has also refused to produce documents showing the ownership of its shares to Mrs. Sines, or Mrs. Sines's approval that she has delegated her settlement authority to Mr. Hawkins.

3. **Apex Depositions:** Prior to transfer eCardless noticed several Austin-based Vice Presidents of PayPal for deposition. PayPal informed eCardless it would seek to quash these depositions as apex depositions. During the Parties' April 5, 2024 telephonic conference, eCardless stated that it intended to proceed on all noticed depositions.

**ECARDLESS'S POSITION:**

eCardless objects to PayPal's premature and improper attempt to raise discovery disputes and/or submit motion to compel via Case Management Statement. Discovery has not yet commenced since the transfer, and the Parties have not sufficiently met and conferred or briefed these issues before this Court. Additionally, with respect to the third-party email issue, PayPal improperly seeks reconsideration of the Transferor Court's January 24, 2024 Order (Dkt. 76) denying PayPal's request for email discovery from third parties. eCardless also disagrees that the January 24, 2024 Order relates only to third party John Whitlock. On the contrary, the Order only referred to Mr. Whitlock because PayPal only moved to compel emails from Mr. Whitlock. Tellingly, PayPal never sought reconsideration of the Order and never subsequently moved to compel email discovery from any other third party in the Transferor Court.

**B.  Rule 26(f)(3)(B)—Scope of Anticipated Discovery**

The Parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3. The Parties' claims and defenses are anticipated to require both further party and third-party discovery on at least the following subjects: standing, infringement and non-

---

[3] Magistrate Judge Gilliland's order (Ex. 3, Dkt. 76) related only to third party John Whitlock.

infringement, validity and invalidity, and damages. Additionally, PayPal anticipates discovery on inventorship and inequitable conduct. eCardless notes that PayPal has never previously raised these two issues and is raising them for the first time via Case Management Statement.

### C. Report on Stipulated E-Discovery Order

The Parties have reviewed the ESI Guidelines and met and conferred concerning ESI. PayPal does not expect that email discovery from the parties is necessary, but contends eCardless's counsel limiting its production to ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Ex. 3 (Dkt. 76) at 3.[4] eCardless does not believe that any email discovery is merited in this case. eCardless further disagrees with PayPal's mischaracterization of the Transferor Court's January 24, 2024 Order (Dkt. 76), and notes that the Order █████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Ex. 3 (Dkt. 76) at 1 (emphasis added).

### D. Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials

The Parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and the Protective Order to be Entered in this Case, but have been unable to agree on the scope of materials required to be logged.

**PAYPAL'S POSITION:**

PayPal contends that, absent a specific showing of need, documents created by the Parties on or after November 23, 2022 are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the Parties' privilege logs. For the avoidance of doubt, PayPal maintains that documents created by, and communications with, third-party shareholders or owners (i.e., shareholders that are not officers or directors) of the Parties subject to a claim of privilege or immunity should be included in the Parties' privilege logs.

---

[4] *See* Sec. VIII.A.1 for PayPal's statement. eCardless believes that PayPal's attempt to raise a discovery dispute via Case Management Statement is premature and improper.

**ECARDLESS'S POSITION:**

eCardless contends that, absent a specific showing of need, documents created by the Parties on or after November 23, 2022; as well as any documents and communications prepared by or exchanged between eCardless, its officers, directors, its in-house counsel, and/or its litigation counsel in connection with the pre-suit investigation or filing of Plaintiff's Original Complaint within six (6) months prior to November 23, 2022; are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the respective privilege logs. Further, the Transferor Court (Western District of Texas) ruled ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ (Dkt. 76). Accordingly, eCardless does not believe that any third-party email communications need to be logged.

E.   **Protective Order**

**PAYPAL'S POSITION:**

The products accused in this case, Checkout and fraud/risk detection using device GPS coordinates as a signal, implicate some of PayPal's most highly guarded and sensitive proprietary source code. Given the importance of protecting this information, PayPal has proposed modifications to the Court's Model Protective Order, particularly to the source code provisions.

**ECARDLESS'S POSITION:**

eCardless does not see the need to significantly deviate from this Court's Model Protective Order, with the exception of certain minor mutually agreed upon changes, such as, for example, the number individuals who may qualify as Designated House Counsel. eCardless also disagrees with PayPal's claim that the alleged nature of its source code merits highly customized source code provisions compared to the Court's Model Protective Order.

F.   **Proposed Discovery Plan and Proposed Changes to the Limitations on Discovery**

1. *Rule 26(f)(3)(E)—Limitations on Discovery*

The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

### 2. *Depositions*

The Parties agree that each side should be limited to 50 hours of deposition time, inclusive of the depositions already taken, for both party and non-party witnesses combined.

### 3. *Written Discovery and Document Production*

The Parties have been unable to agree on the scope of written discovery.

**PAYPAL'S POSITION:**

As discussed above, the parties have already propounded extensive fact discovery requests. PayPal maintains that no more than 20 interrogatories should be served, *inclusive* of those already served. No more than 30 requests for the production of documents and things should be served, *inclusive* of those already served, subject to modification for good cause. No more than 25[5] requests for admission should be served, subject to modification for good cause.

**ECARDLESS'S POSITION:**

eCardless contends that no than 20 additional interrogatories should be served, *exclusive* of those already served. No more than 30 additional requests for the production of documents and things should be served, *exclusive* of those already served, subject to modification for good cause.[6] No more than 25 requests for admission should be served, *exclusive of any requests for authentications*, subject to modification for good cause.

### 4. *Discovery From Experts*

The Parties agree that no party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, the expert's notes, or drafts of expert reports or declarations. This agreement shall not preclude a party from seeking production of such documents if the expert relies on any such communications, notes, or drafts as the basis of their opinion. Opening reports shall disclose expert testimony under Federal Rule of Civil Procedure 26(a)(2) as to any issue on which a party has the burden of proof. Opposition reports must disclose any expert testimony on the same issue. No other

---

[5] eCardless has already served 42 Requests for Production, and therefore has expended its RFPs in this case under PayPal's proposed limit on RFP's.
[6] The limit on the number of RFPs that each side may serve in the Transferor Court (Western District of Texas) exceeds 42. Accordingly, eCardless disagrees with PayPal's assertion that eCardless has allegedly expended all its RFPs in this case.

1  expert reports will be permitted without either the consent of the other side (i.e., Plaintiff must have the
2  consent of Defendant, and Defendant must have the consent of Plaintiff) or leave of the Court. The
3  Parties agree that discovery of experts is governed by Rule 26(b)(4), the Court's Local Rules, and the
4  Court's Orders entered in this case, except that each party shall bear the cost of its own experts,
5  notwithstanding Rule 26(b)(4)(E).

**IX.   CLASS ACTIONS**

This case is not a class action.

**X.   RELATED CASES**

There are no related cases.

**XI.   SETTLEMENT AND ADR**

The Parties have been unable to agree on an ADR procedure.

**PAYPAL'S POSITION:** PayPal proposes a settlement conference before a magistrate judge with the principal shareholder of eCardless in attendance.

Mr. Randy Sines, eCardless's majority shareholder, President and Chief Executive Officer, and named inventor of all asserted patents, passed away in January 2024. Prior to his death, Mr. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex 5 (eCardless_00001818). Since his passing, it has been an open question who in fact possesses authority to manage and settle this litigation beyond eCardless's outside counsel and its New York litigation funder, "US-LIT-CHISUM-22B, LLC."[7]

eCardless maintains that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[8]. To corroborate this claim, eCardless produced Mr. Sines's will, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[7] Plaintiff granted a security interest in each of the asserted patents to US-LIT-CHISUM-22B, LLC. *See also* Ex. 1, eCardless Resp. to Venue Rog No. 4 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

[8] Prior to his death, in August 2023 Mr. Sines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 (eCardless_00001819 at 1828), Ex. 5 (eCardless_00001818). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

██████████████████████████████████" Ex. 7 (eCardless_00001829) at 1830. Despite repeated requests over the last two months, eCardless has refused to produce the trust instrument.

The other materials produced by eCardless do not confirm ████████████████ ████████ The Board Resolution (Ex. 4, eCardless_00001815) a███████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████ Similarly, ███████████████████████████ ████████████████████████████████████████████████████████████████ Ex. 5 (eCardless_00001818).

Given PayPal's concerns that Mrs. Sines may not in fact own Randy Sines's controlling shares in eCardless, and that there is no evidence beyond the say-so of eCardless's counsel that she has appointed █████████████████████████████████████████, PayPal requested that Mrs. Sines attend a settlement conference before a magistrate judge. The Parties met and conferred on this issue on April 5. eCardless would not agree to PayPal's proposal, stating, "eCardless will comply with the ADR rules by bringing a person with settlement authority on behalf of Plaintiff eCardless to the mediation." PayPal does not agree to eCardless's counterproposal.

**ECARDLESS'S POSITION:** eCardless proposes mediation before a private mediator selected jointly by the parties. eCardless agrees to bring its corporate representative with settlement authority to the mediation and will otherwise comply with the Court's ADR rules.

Additionally, eCardless disagrees with PayPal's statement of its fabricated "dispute" with regard to eCardless's settlement authority as it relates to the mediation in this case. eCardless's corporate documents produced in this case, including the Board Resolution Regarding Management of Litigation and Appointment of Directors (eCardless_00001815-1817), Appointment of Officer (eCardless_00001818), Durable Power of Attorney (eCardless_00001819-1828), and Mr. Sines's Will (produced as eCardless_00001829-37) definitively resolve these issues. Importantly, they confirm that ████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████ Furthermore, eCardless objects to PayPal's premature and improper attempt to raise this alleged dispute via Case Management Statement.

**XII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**XIII.   OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV.   NARROWING OF ISSUES**

The Parties have not presently identified any issues that can be narrowed. The Parties will work in good faith to address narrowing of any issues as discovery proceeds and the issues become clearer.

**XV.   EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this case is suitable for the Expedited Trial Procedure of General Order No. 64.

**XVI.   SCHEDULING**

The Parties jointly propose the schedule set forth in Appendix A.

**XVII.   TRIAL**

Based on the current pleadings, the Parties expect this case will be tried to a jury. At this point the Parties are unable to estimate the length of the trial.

**XVIII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

PayPal filed its Rule 7.1 statement on February 17, 2023. Dkt. 20. PayPal filed its L.R. 3-15 Certification on April 12, 2024.  eCardless has likewise filed its Rule 7.1 disclosure statement in the Western District of Texas on November 21, 2023 (Dkt. 67) and has filed its L.R. 3-15 Certification of Interested Entities on April 18, 2024.

**XIX.   PROFESSIONAL CONDUCT**

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XX.   PATENT RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(A)**

   **A.   Local Patent Rule 2-1(b)(1)—Proposed Modifications to the Obligations or Deadlines Set Forth in the Patent Local Rules**

The Parties propose the deadlines set forth in the attached Appendix A.

**B.     Local Patent Rule 2-1(b)(2)—The Scope and Timing of Any Claim Construction Discovery**

Neither party submitted an expert declaration in support of its claim construction briefing, and as such the Parties believe that no claim construction discovery is necessary.

**C.     Local Patent Rule 2-1(b)(3)—The Format of the Claim Construction Hearing, Including Whether the Court Will Hear Live Testimony, the Order of Presentation, and the Estimated Length of the Hearing**

The Parties request that the *Markman* hearing proceed on the briefs the Parties already submitted in the Western District of Texas. The Parties do not anticipate that the hearing will exceed two hours.

**D.     Local Patent Rule 2-1(b)(4)—How the Parties Intend to Educate the Court on the Technology at Issue**

The Parties agreed to forego technical tutorials in the Western District of Texas. Should the Court like a tutorial, the Parties propose submitting technical tutorials of less than 20 minutes in electronic form, with voiceovers, to the Court two weeks prior to the *Markman* hearing.

**E.     Local Patent Rule 2-1(b)(5)— Non-Binding, Good-Faith Estimate of the Damages Range**

eCardless contends that PayPal has infringed U.S. Patent Nos. 7,599,862 (the "'862 Patent"), 7,599,863 (the "'863 Patent"), 9,202,206 (the "'206 Patent"), and 9,785,942 (the "'942 Patent") ("the Asserted Patents") in the Western District of Texas. eCardless contends that PayPal's infringement has been willful and seeks available remedies. eCardless further contends that, whereas fact discovery is on-going and expert discovery has not commenced, eCardless anticipates the damages in this case to be well in excess of $50,000,000.00.

PayPal contends that it does not infringe the Asserted Patents and the Asserted Patents are invalid and unenforceable, so eCardless should obtain no monetary or other relief.  PayPal reserves the right to seek fees from eCardless.

## XXI.   OTHER

The Parties have no other matters to raise at this time.

| | | |
|---|---|---|
| 1 | Dated: April 25, 2024 | By: /s/ John V. Picone III |
| 2 | | John V. Picone III (CA Bar No. 187226) |
| | | jpicone@spencerfane.com |
| 3 | | SPENCER FANE LLP |
| | | 225 West Santa Clara Street, Suite 1500 |
| 4 | | San Jose, California 95113 |
| | | Telephone: 408.286.5100 |
| 5 | | Facsimile: 408.286.5722 |

Erick Robinson (admitted *Pro Hac Vice*)
erobinson@spencerfane.com
SPENCER FANE LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone:   (713) 212-2638
Facsimile:   (512)840-4551

Raymond Jones (admitted *Pro Hac Vice*)
rjones@spencerfane.com
Brian Medich (admitted *Pro Hac Vice*)
bmedich@spencerfane.com
Kyril Talanov (admitted *Pro Hac Vice*)
ktalanov@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone:   713-212-2676
Facsimile:   713-963-0859

Brian T. Bear (admitted *pro hac vice*)
bbear@spencerfane.com
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone:   (816)474-8100
Facsimile:   (816)474-3216

Attorneys for Plaintiff
ECARDLESS BANCORP, LTD.

Dated: April 25, 2024

By: /s/ Robert N. Kang (with permisson)

BARRY K. SHELTON
(SBN: 199307)
bshelton@winston.com
WINSTON & STRAWN LLP
2121 N. PEARL ST., STE. 900
DALLAS, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

ROBERT N. KANG
(SBN: 274389)
rkang@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Fl.
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

NIMALKA R. WICKRAMASEKERA
(SBN: 268518)
nwickramasekera@winston.com
WINSTON & STRAWN LLP
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

DEVIN P. GARRITY
(admitted *Pro Hac Vice*)
dgarrity@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10016
Telephone:  (212) 294-1730
Facsimile:  (212) 294-4700

AMELIA R. GARZA-MATTIA
(admitted *Pro Hac Vice*)
agarzamattia@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-6086
Facsimile:   (312) 558-5700

Attorneys for Defendant
PAYPAL, INC.

**ATTESTATION**

I hereby attest that I have obtained concurrence of the above noted signatories as indicated by the conformed signature (/s/) within this e-filed document.

/s/ *John V. Picone III*
John V. Picone III

**Appendix A – Proposed Case Schedule**

| Event | Proposed Date |
|---|---|
| eCardless' Deadline to Comply with P.L.R. 3-8 | June 3, 2024 |
| PayPal's Deadline to Answer or Respond to the Complaint | June 3, 2024 |
| PayPal's Deadline to comply with P.L.R. 3-9 | July 3, 2024 |
| *Markman* Hearing | Suggested Date: July 19, 2024 (*subject to the Court's availability*) |
| Close of Fact Discovery | September 13, 2024 |
| Opening Expert Reports | October 11, 2024 |
| Rebuttal Expert Reports | November 8, 2024 |
| Close of Expert Discovery | December 13, 2024 |
| Deadline to File Dispositive Motions and Daubert Motions | January 10, 2025 |
| Deadline to Serve Pretrial Disclosures | January 24, 2025 |
| Deadline to Serve Objections to Pretrial Disclosures | February 10, 2025 |
| Pretrial Conference | March 31, 2025 (*subject to the Court's availability*) |
| Jury Selection/Trial | April 21, 2025 (*subject to the Court's availability*) |

**DOCID:  DOCPROPERTY DOCXDOCID DMS=IManage Format=<<LIB>> <<NUM>>.<<VER>>**