# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ECARDLESS BANCORP, LTD., <br>     Plaintiff, <br> v. <br> PAYPAL INC, <br>     Defendant. | Case No. 24-cv-01054-BLF <br><br> **ORDER DENYING ADMINISTRATIVE MOTION** |

Plaintiff eCardless Bancorp, Ltd. ("eCardless") has filed an Administrative Motion to File Under Seal Joint Case Management Statement. ECF No. 117 ("Mot."). Plaintiff's motion appears to concern information that Plaintiff designated as confidential.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often

1  unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal
2  the documents attached to such motions must meet the lower "good cause" standard of Rule
3  26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard
4  requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
5  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
6  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated
7  by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.
8  Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

9      Plaintiff's main rationale for sealing is that the documents are marked "'AEO – OUTSIDE
10  ATTORNEYS' EYES ONLY' under the Transferor Court's Protective Order." *See* Mot. at 2–4.
11  This rationale is insufficient to justify sealing. *See* Civil L.R. 79-5(c) ("Reference to a stipulation
12  or protective order that allows a party to designate certain documents as confidential is not
13  sufficient to establish that a document, or portions thereof, are sealable."). For many documents,
14  Plaintiff merely states that the documents contain "highly sensitive information." Mot. at 2–4.
15  Without more detail, that explanation is insufficient. Furthermore, the Court is skeptical that any
16  explanation could justify sealing the highlighted portions of pages 3 to 7 of the Joint Case
17  Management Statement ("JCMS") at ECF No. 117-3. While certain portions of the JCMS at
18  pages 8 to 9 might meet the good cause standard, the redactions are not narrowly tailored.

19      As to the exhibits, parties should "avoid wherever possible sealing entire documents (as
20  opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a).

21      Finally, the Court strikes all footnotes in the JCMS for failure to comply with the Court's
22  Standing Order re Civil Cases § IV.F.

23      Accordingly, Plaintiff's motion to seal is DENIED without prejudice to refiling. Any
24  refiled motions shall comply with the Civil Local Rules and shall be filed by **May 6, 2024**.

25  **IT IS SO ORDERED.**

26  Dated: April 29, 2024

27  _____
28  BETH LABSON FREEMAN
    United States District Judge