**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ECARDLESS BANCORP, LTD., <br><br>   Plaintiff, <br><br> v. <br><br> PAYPAL INC, <br><br>   Defendant. | Case No.  24-cv-01054-BLF <br><br> **ORDER DENYING UNOPPOSED ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS** |

On February 22, 2024, this case was transferred from the Western District of Texas to the Northern District of California.  ECF No. 86.  On May 2, 2024, the Court held a Case Management Conference.  ECF No. 120.  Pursuant to Local Rule 16-9, the parties filed a timely Joint Case Management Statement ("JCMS") one week prior on April 25, 2024.  ECF No. 118.

That same day, Plaintiff eCardless Bancorp, Ltd. filed an Administrative Motion to Seal corresponding to the JCMS.  ECF No. 117.  On April 29, 2024, the Court denied this motion. ECF No. 119.  The Court laid out the Ninth Circuit's standards for sealing information and the importance of public access to documents.  *Id.* at 1.  The Court explained why Plaintiff's explanations were insufficient to justify sealing, that proposed redactions were not sufficiently narrow, that much of the information sought to be sealed does not appear to be confidential, and that references to a protective order are not sufficient to justify sealing.  *Id.* at 2. The Court gave Plaintiff until May 6, 2024 to file a renewed administrative motion to seal.

Plaintiff did not file a renewed motion to seal.  Instead, on May 6, 2024, Plaintiff filed a second JCMS (ECF No. 127) that does not contain any of the sealed information in the first JCMS, and filed the instant motion, which seeks to remove from the docket the first JCMS (ECF No. 118) and corresponding administrative motion (ECF No. 117).  ECF No. 126.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

While the caption of Plaintiff's motion suggests that the documents were "Incorrectly Filed," Plaintiff provides no explanation as to why or how the first JCMS was incorrectly filed. Nor does Plaintiff make any attempt to justify sealing any portion of the first JCMS. Instead, Plaintiff seeks to replace its timely filed first JCMS with a second JCMS filed four days ***after*** the Case Management Conference took place. The practical effect of the Plaintiff's proposed relief is that the first JCMS would remain under seal, despite the Court's previous order finding that Plaintiff did not justify its sealing. ECF No. 119. Plaintiff's filings are nothing more than an improper motion for reconsideration and a thinly veiled attempt to circumvent this Court's prior order, this district's Civil Local Rules on sealing, and the Ninth Circuit's strong presumption of public access to information.

As such, Plaintiff's motion at ECF No. 126 is DENIED and Plaintiff's filing at ECF No. 127 is STRICKEN. Plaintiff may file a renewed administrative motion to seal regarding sealed information in ECF No. 118 no later than **May 10, 2024 at 12:00 P.M.**

**IT IS SO ORDERED.**

Dated: May 7, 2024

_____
BETH LABSON FREEMAN
United States District Judge