UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ECARDLESS BANCORP, LTD., <br>     Plaintiff, <br> v. <br> PAYPAL INC, <br>     Defendant. | Case No.  24-cv-01054-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION** <br><br> [Re:  ECF No. 129] |

Before the court is Plaintiff eCardless Bancorp, Ltd.'s Amended Administrative Motion to File Under Seal.  ECF No. 129.  For the reasons described below, the administrative motion is GRANTED IN PART AND DENIED IN PART.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809

1  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

Plaintiff seeks to seal selected portions of two exhibits attached to its JCMS. ECF No. 129. Plaintiff writes that the Exhibit 1 should be sealed because it is an "[o]rder issued as sealed by the Transferor Court (Western District of Texas) in this litigation. Under the Doctrine of Comity, this Court should not revisit the order previously issued by another district court prior to the transfer." *Id.* at 6. Plaintiff writes that Exhibit 2 should be sealed because "[t]o the extent Mr. Sines' Will is relevant to any issue in dispute in this litigation (eCardless maintains that it is not), the purported relevance is tangential at best." *Id.* at 5. Plaintiff argues that the redactions are narrowly tailored. *Id.* at 2.

The Court finds that good cause exists to seal certain portions of Exhibit 2, but not Exhibit 1. *Ctr. for Auto Safety*, 809 F.3d at 1099; *Kamakana*, 447 F.3d at 1178–79. The Court also finds that the request is narrowly tailored for Exhibit 2.

The Court's ruling is summarized below:

\\
\\
\\
\\
\\

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 129-3, Ex. 1 | Exhibit 3 to JCMS, Sealed Order on January 24, 2024 Discovery Dispute (Dkt. 76 and 117-3). | Entirety | **DENIED**. Plaintiff provides no legal basis for its comity argument. More importantly, ***contrary to Plaintiff's representations, the order is not sealed***. See *eCardless Bancorp, Ltd. v. PayPal Holdings, Inc. et al*, 7:22-cv-00245-ADA-DTG at ECF No. 76 (docket text) ("Unsealed on 2/1/2024. Per chambers, order is to be unsealed due to no redactions by counsel.") |
| ECF No. 129-4, Ex. 2 | Exhibit 7 to JCMS, August 17, 2023 Will of Randy D. Sines ("Will") (ECF No. 117-10). Document produced by Plaintiff as eCardless_00001829-1837 | • Individual names and financial percentages contained at native pp. 3-4 of the Will (eCardless_000018 31-32); and<br>• Names and personal addresses of two witnesses who signed the Will contained at native p. 9 (eCardless_000018 37). | GRANTED, as the Court finds that the information sought to be sealed is personal in nature. The Court may revisit this ruling at a later time. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the administrative motion is GRANTED IN PART AND DENIED IN PART.  Plaintiff SHALL file an unredacted version of the JCMS and its corresponding exhibits (ECF Nos. 117, 118), with redactions limited those granted in this order no later than **May 23, 2024**.

Dated: May 10, 2024

_____
BETH LABSON FREEMAN
United States District Judge