UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ECARDLESS BANCORP, LTD., | Case No.  5:24-cv-01054-BLF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| v. | AS MODIFIED BY THE COURT |
| PAYPAL, INC., | |
| Defendant. | |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

United States District Court
Northern District of California

United States District Court
Northern District of California

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel, limited to no more than two (2) in-house attorneys for each Side who are not involved in competitive decision making, who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments

and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

3

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS          Case No.  5:24-cv-01054-BLF

United States District Court
Northern District of California

United States District Court
Northern District of California

1  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

2  However, the protections conferred by this Stipulation and Order do not cover the following

3  information: (a) any information that is in the public domain at the time of disclosure to a Receiving

4  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

5  publication not involving a violation of this Order, including becoming part of the public record

6  through trial or otherwise; and (b) any information known to the Receiving Party prior to the

7  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

8  information lawfully and under no obligation of confidentiality to the Designating Party. Any use

9  of Protected Material at trial shall be governed by a separate agreement or order.

10  4.    DURATION

11        Even after final disposition of this litigation, the confidentiality obligations imposed by this

12  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

13  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

14  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

15  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

16  time limits for filing any motions or applications for extension of time pursuant to applicable law.

17  5.    DESIGNATING PROTECTED MATERIAL

18        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

19  Non-Party that designates information or items for protection under this Order must take care to

20  limit any such designation to specific material that qualifies under the appropriate standards. To the

21  extent it is practical to do so, the Designating Party must designate for protection only those parts

22  of material, documents, items, or oral or written communications that qualify – so that other portions

23  of the material, documents, items, or communications for which protection is not warranted are not

24  swept unjustifiably within the ambit of this Order.

25        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

26  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

27  encumber or retard the case development process or to impose unnecessary expenses and burdens

28

on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material

5

on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY

United States District Court
Northern District of California

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication

United States District Court
Northern District of California

7
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS          Case No.  5:24-cv-01054-BLF

1    are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

2    Party must explain the basis for its belief that the confidentiality designation was not proper and

3    must give the Designating Party an opportunity to review the designated material, to reconsider the

4    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

5    designation. A Challenging Party may proceed to the next stage of the challenge process only if it

6    has engaged in this meet and confer process first or establishes that the Designating Party is

7    unwilling to participate in the meet and confer process in a timely manner.

8         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

9    intervention, ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil~~ *the Parties shall submit the dispute in accordance with Judge van Keulen's Civil and Discovery Referral Matters Standing Order*

10   ~~Local Rule 7~~ (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

11   initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

12   will not resolve their dispute, whichever is earlier. Each such ~~motion must be accompanied by a~~ *joint submission must affirm that* *the Parties have*

13   ~~competent declaration affirming that the movant has~~ complied with the meet and confer

14   requirements imposed in the preceding paragraph. Failure by the Designating Party to ~~make such a~~ *initiate such a joint submission*

15   ~~motion including the required declaration~~ within 21 days (or 14 days, if applicable) shall

16   automatically waive the confidentiality designation for each challenged designation. In addition, the

17   Challenging Party may ~~file a motion~~ *initiate a joint submission* challenging a confidentiality designation at any time if there is

18   good cause for doing so, including a challenge to the designation of a deposition transcript or any

19   portions thereof. Any ~~motion brought~~ pursuant to this provision must ~~be accompanied by a~~ *affirm that the Parties have*

20   ~~competent declaration affirming that the movant has~~ complied with the meet and confer

21   requirements imposed by the preceding paragraph.

22        The burden of persuasion in any such challenge proceeding shall be on the Designating

23   Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

24   unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

25   Unless the Designating Party has waived the confidentiality designation by failing to ~~file a motion~~ *initiate a joint submission*

26   to retain confidentiality as described above, all parties shall continue to afford the material in

27   question the level of protection to which it is entitled under the Producing Party's designation until

28

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,          Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   the court rules on the challenge.

2   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

3          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

4   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

5   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

6   the categories of persons and under the conditions described in this Order. When the litigation has

7   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

8   DISPOSITION).

9          Protected Material must be stored and maintained by a Receiving Party at a location and in

10  a secure manner that ensures that access is limited to the persons authorized under this Order. All

11  electronic Protected Material must be stored in a password protected form.

12         Absent notice to and permission from the Producing Party, any person or entity authorized

13  to have access to Protected Material under the terms of this Order shall not use or employ any

14  application, service, or analytical software that will transfer, transmit, send or allow any external

15  access to Protected Material (in whole or in part) unless such application, service, or analytical

16  software is fully containerized (*i.e.*, does not transmit any information to any external system or

17  network for the purpose of analysis, use, or the generation of text outputs in response to queries, has

18  the ability to track all information in the system (including access), and does not otherwise allow

19  access to information by unauthorized persons). For the avoidance of doubt, this restriction

20  expressly applies to the use of advanced large language models, "generative" AI tools, and other

21  advanced AI systems, including but not limited to OpenAI, GPT, ChatGPT3/4 *et seq*., Google Bard,

22  Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion.

23         7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

24  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

25  information or item designated "CONFIDENTIAL" only to:

26         (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

27  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

28

United States District Court
Northern District of California

this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants (and their staff, contractors and mock jurors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

United States District Court
Northern District of California

this litigation; and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants (and their staff, contractors and mock jurors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the court; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must first make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision making.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,          Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

United States District Court
Northern District of California

United States District Court
Northern District of California

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to payment processing, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY CONFIDENTIAL – SOURCE CODE and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY CONFIDENTIAL – SOURCE CODE from participating in a PTO proceeding, e.g., IPR or PGR,

United States District Court
Northern District of California

13
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

Case No.  5:24-cv-01054-BLF

United States District Court
Northern District of California

1  except for that person shall not participate—directly or indirectly—in the amendment of any

2  claim(s). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

3  amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid

4  any doubt, "prosecution" as used in this paragraph does not include representing a party challenging

5  a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

6  reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to

7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

8  SOURCE CODE" information is first received by the affected individual and shall end two (2) years

9  after final termination of this action.

10  9.    SOURCE CODE

11      (a)    A Producing Party may designate source code as "HIGHLY CONFIDENTIAL -

12  SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

13      (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

14  ("Source Code Material" or "Source Code") shall be subject to all of the protections afforded to

15  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the

16  Prosecution Bar set forth in Paragraph 8. The following restrictions also apply:

17  i.    Access to a Party's Source Code Material shall be provided only on "stand-alone"

18       computer(s) (that is, the computer may not be linked to any network, including a local area

19       network ("LAN"), an intranet or the Internet) in computer searchable format. The stand-

20       alone computer(s) (herein, "Source Code Computer(s)") may be connected to (i) a printer,

21       or (ii) a device capable of temporarily storing electronic copies solely for the limited

22       purposes permitted pursuant to paragraphs 9(b)viii and 9(b)xi below.   The review computer

23       will be attached to an external monitor, keyboard, and mouse.   Additionally, except as

24       provided in paragraph 9(b)xi. below, the Source Code Computer(s) may only be located at

25       the offices of the producing Party's outside counsel or its vendors.

26  ii.    The Producing Party shall install NotePad++, Microsoft Word, and Adobe Acrobat on the

27  

28  [3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,          Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  Source Code Computer(s). Additionally, the Receiving Party's outside counsel and/or

2  experts may request that other commercially available software tools for viewing and

3  searching Source Code be installed on the Source Code Computer(s), provided, however,

4  that (a) the Receiving Party possesses an appropriate license to such software tools and (b)

5  the Producing Party will not unreasonably deny installation of the requested review software

6  and/or tools on the Source Code Computer(s), so long as the tools are reasonably necessary

7  for the Receiving Party to conduct its review. The Receiving Party must provide the

8  Producing Party with the CD, DVD or installation file containing such licensed software

9  tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party

10 wishes to have the additional software tools available for use on the Source Code

11 Computer(s).  During the 14-day installation period the Source Code Computer will not be

12 available for inspection, unless otherwise ordered by the Court. The Producing Party shall

13 provide the Receiving Party with information explaining how to start, log on to, and operate

14 the stand-alone computer in order to access the produced Source Code Material on the stand-

15 alone computer(s). The Producing Party shall promptly provide reasonably necessary

16 technical support in connection with the Source Code Review.

17 iii.  The Receiving Party may request in writing the Producing Party to provide one additional

18 Source Code Computer, to be made available for inspection at the same location and under

19 the same protections of the first Source Code Computer.  The Producing Party shall not

20 refuse a reasonable request by the Receiving Party to provide the one (second) additional

21 Source Code Computer to be made available for inspection at the same location, with the

22 same software and hardware configuration, and under the same protections of the first

23 Source Code Computer.  Further, to the extent the Receiving Party believes there is good

24 cause to request additional Source Code Computers (beyond the first and the second), the

25 Receiving Party reserves the right to seek such relief from the Court.

26 iv.  Any Source Code that is produced by PayPal will be made available for inspection at the

27 Redwood City, California office of its outside counsel, Winston & Strawn LLP.  Source

28

1    Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on

2    business days (i.e., weekdays that are not Federal holidays). However, upon reasonable

3    notice from the receiving Party, the producing Party shall make reasonable efforts to

4    accommodate the receiving Party's request for access to the stand-alone computer(s) outside

5    of normal business hours.  The Parties agree to cooperate in good faith such that maintaining

6    the producing Party's Source Code Material at the offices of its outside counsel or its vendors

7    shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively

8    conduct the prosecution or defense of this Action.

9  v.   No recordable electronic media or recordable devices, including without limitation sound

10    recorders, computers, cellular telephones, tablets, peripheral equipment, cameras, CDs,

11    DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The

12    Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to

13    the Source Code Material during review, but may not copy substantial portions of the Source

14    Code into the notes, provided that such notes are marked "HIGHLY CONFIDENTIAL –

15    SOURCE CODE" and are treated as Source Code Material.  For purposes of this provision,

16    "substantial" shall mean ten or more consecutive lines of code OR more than ten lines from

17    every twenty-five lines of code. Producing Party is not permitted to inspect the notes of a

18    Receiving Party's Outside Counsel of Record and/or Experts to determine compliance with

19    this provision. If requested in advance, the Producing Party will provide a second standalone

20    computer without Source Code Material to allow the Receiving Party's representatives to

21    take notes.  Those notes may be printed at the conclusion of the review session..

22  vi.  The Producing Party may visually monitor the activities of the Receiving Party's

23    representatives during any Source Code review, but only to ensure that no unauthorized

24    electronic records of the Source Code and no information concerning the Source Code are

25    being created or transmitted in any way.

26  vii. No copies of all or any portion of the Source Code may leave the room in which the Source

27    Code is inspected except as otherwise provided herein. Further, no other written or electronic

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.[4] The Receiving Party may print out no more than 350 pages total. The Receiving Party may make reasonable requests to exceed this limit for good cause if needed. If the Receiving Party makes such a request, the Parties agree to promptly meet and confer in good faith concerning such request, and the Producing Party shall not deny a reasonable request made for good cause to exceed the limit on the total number of pages of Source Code that may be printed. If such a request is denied by the Producing Party, the Receiving Party may raise its request to exceed this limit for good cause with the Court. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party.  Within seven (7) business days, the Producing Party shall either (i) provide three (3) copies of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not

---

[4] A page is approximately 50 lines of text.  To the extent that printing results in lower numbers of actual lines on any page the page equivalent of 50 lines per page shall govern these limitations.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,          Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1    done for a permitted purpose. No additional paper copies shall be permitted, except as
2    otherwise agreed.  The Requesting Party may, for good cause, make a request for extra
3    copies of such pages. The Producing Party agrees to promptly meet and confer and to
4    accommodate a reasonable request for additional number of copies.  If, after meeting and
5    conferring, the Producing Party and the Receiving Party cannot resolve the objection, the
6    Receiving Party shall be entitled to seek a Court resolution of whether the printed Source
7    Code in question is narrowly tailored and was printed for a permitted purpose.  The burden
8    shall be on the Receiving Party to demonstrate that any such printed portions exceeding the
9    nominal limits on the number of pages of Source Code are no more than is reasonably
10   necessary for a permitted purpose and not merely printed for the purposes of review and
11   analysis elsewhere. The printed pages shall constitute part of the Source Code produced by
12   the Producing Party in this action.

13   viii.   Prior to the first inspection of any requested Source Code, the Receiving Party shall provide
14          fourteen (14) days' notice of the Source Code that it wishes to inspect, unless otherwise
15          ordered by the Court. The Receiving Party shall provide five (5) business days' notice prior
16          to any additional inspections.  To the extent the Requesting Party makes a request for such
17          additional inspection with less than an five (5) business days' prior notice, the Producing
18          Party agrees to promptly meet and confer in good faith in an effort to accommodate
19          Requesting Party's reasonable request made for good cause.

20   ix.    All persons who will review a Producing Party's Source Code on behalf of a Receiving
21          Party, including members of a Receiving Party's outside law firm, shall be identified in
22          writing to the Producing Party at least five (5) business days in advance of the first time that
23          such person reviews such Source Code. Such identification shall be in addition to any other
24          disclosure required under this Order. All persons viewing Source Code shall sign on each
25          day they view Source Code a log that will include the names of persons who enter the locked
26          room to view the Source Code and when they enter and depart. The Producing Party shall
27          be entitled to a copy of the log upon one business (1) day's advance notice to the Receiving

28

United States District Court
Northern District of California

Party.

x.  Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

xi.  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel of Record. The Receiving Party's Outside Counsel of Record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party that it wishes to use Source Code at the deposition, and the Producing Party shall bring all printed Source Code in accordance with Paragraph 9(vii) of

19

United States District Court
Northern District of California

1    this Order to the deposition for use by the Receiving Party (nominally up to 350 total pages

2    of Source Code, subject to increase pursuant to the Parties' agreement or as ordered by the

3    Court upon a showing of good cause by the Receiving Party).  Copies of Source Code that

4    are marked as deposition exhibits shall not be provided to the Court Reporter or attached to

5    deposition transcripts; rather, the deposition record will identify the exhibit by its production

6    numbers. All paper copies of Source Code brought to the deposition shall remain with the

7    Producing Counsel's outside counsel for secure destruction in a timely manner following the

8    deposition.

9    xii.    The Producing Party shall provide the Receiving Party with information explaining how to

10           start, log on to, and operate the stand-alone computer(s) in order to access the produced Source

11           Code Material on the stand-alone computer(s).

12   xiii.   The producing Party will produce Source Code Material in computer searchable format

13           on the stand-alone computer(s) as described above.

14   xiv.    Access to Source Code Material shall be limited to outside counsel and up to three (3) outside

15           consultants or experts[5] (*i.e*., not existing employees or affiliates of a Party or an affiliate of

16           a Party or competitor identified by the Producing Party with reasonable specificity) retained

17           for the purpose of this litigation and approved to access such Protected Materials pursuant to

18           paragraph 5(e) above.

19   xv.     If a Party reasonably believes that it needs to submit a portion of Source Code as part of a

20           filing with the Court, (1) such filing must be made under seal in accordance with the Court's

21           procedures, and (2) the Receiving Party may create electronic images or copies only as

22           necessary to submit said Source Code as part of the Court filing, and shall store said images

23           or copies in accordance with this Order's provisions for storage of Source Code. If a

24           Producing Party agrees to produce an electronic copy of all or any portion of its Source

25           _____

26   [5] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside
     consultant's or expert's direct reports and other support personnel, such that the disclosure to a
27   consultant or expert who employs others within his or her firm to help in his or her analysis shall
     count as a disclosure to a single consultant or expert, provided that such personnel helping in the
28   analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,          Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

Code, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

xvi.    Except as set forth above, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

United States District Court
Northern District of California

Designating Party whose Protected Material may be affected.[6]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

---

[6] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,       Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[7] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. If information

United States District Court
Northern District of California

---

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,        Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

MISCELLANEOUS

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,         Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:    6/7/2024                                    /s/  John V. Picone III
                                                      John V. Picone III
                                                      Attorneys for Plaintiff

DATED:    6/7/2024                                    /s/  Robert N. Kang
                                                      Robert N. Kang
                                                      Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   June 10, 2024                _____
                                                      Susan van Keulen
                                                      United States ~~District~~/Magistrate Judge

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,        Case No.  5:24-cv-01054-BLF
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

United States District Court
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
                   [signature]

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

Case No.  5:24-cv-01054-BLF