JOHN V. PICONE, III
(CA Bar No. 187226)
jpicone@spencerfane.com
**SPENCER FANE LLP**
225 W. Santa Clara St., Suite 1500
San Jose, CA 95113
Tel: (408) 286-5100

ERICK S. ROBINSON
(Admitted Pro Hac Vice)
erobinson@spencerfane.com
**SPENCER FANE LLP**
30340 Post Oak Blvd., Suite 1300
Suite 1500
Houston, TX 77056
Tel: (713) 498-6047

Attorneys for Plaintiff
ECARDLESS BANCORP, LTD.

NIMALKA R. WICKRAMASEKERA
(SBN: 268518)
nwickramasekera@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ROBERT N. KANG
(SBN: 274389)
rkang@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 34th Fl.
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Defendant
PAYPAL, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ECARDLESS BANCORP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> PAYPAL, INC., <br><br> Defendant. | Case No. 5:24-cv-01054-BLF <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:   July 18, 2024 <br> Time:   11:00 AM <br> Judge:  The Honorable <br>         Beth Labson Freeman |

Pursuant to the Court's July 2, 2024 Order (Dkt. 155), Civil Local Rule 16-10(d), Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California, Federal Rule of Civil Procedure 26(f), and the Court's instruction regarding case narrowing at the May 2, 2024 Initial Case Management Conference, Plaintiff eCardless Bancorp, Ltd. ("eCardless") and Defendant PayPal, Inc. ("PayPal") (collectively, the "Parties") met and conferred regarding a discovery plan and a case issue narrowing schedule and submit the following Joint Case Management Statement.

# I. DISCOVERY

## A. Proposed Discovery Plan and Proposed Changes to the Limitations on Discovery

The parties have agreed on the following limitations on discovery:

### 1. *Rule 26(f)(3)(E)—Limitations on Discovery*

The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

### 2. *Interrogatories*

The Parties agree to a limit of 25 interrogatories per side in accordance with the local and civil rules. The Parties have agreed to re-serve interrogatories that were previously served in the W.D. Tex. case prior to transfer and that the responding party shall have 14 days to respond to substantially similar interrogatories. Re-served interrogatories shall count against the 25 interrogatory limit. Any new interrogatories served in this case shall be subject to the time limits specified in the FRCP and the Local Rules and will similarly count against the above 25-request limitation, subject to modification for good cause.

### 3. *Requests for Production*

The Parties agree to a limit of 50 requests for production. The Parties have agreed to re-serve requests for production that were previously served in the W.D. Tex. case prior to transfer and that the responding party shall have 14 days to respond to substantially similar requests. Re-served requests for production shall count against the 50-request limitation. Any new requests for production served in this case shall be subject to the time limits specified in the FRCP and the Local Rules and will similarly count against the above 50-request limitation subject to modification for good cause.

4. *Requests for Admission*

The Parties agree to a limit of 50 non-authentication requests for admission. The Parties have agreed to re-serve requests for admission that were previously served in the W.D. Tex. case prior to transfer and that the responding party shall have 14 days to respond to substantially similar requests. Re-served requests for admission shall count against the 50-request limitation. Any new requests for admission served in this case shall be subject to the time limits specified in the FRCP and the Local Rules and will similarly count against the above 50-request limitation, subject to modification for good cause.

5. *Third-Party Subpoenas*

The Parties agree that they will re-serve third-party deposition subpoenas that were previously served in the W.D. Tex. case prior to transfer. eCardless also agrees to accept service of third-party subpoenas for the witnesses that it has stated it represents. The Parties were unable to agree as to whether PayPal may re-serve existing document subpoenas to third parties.

**PAYPAL'S POSITION:**

PayPal contends that all discovery served in the W.D. Tex. case should be re-served, including all third-party subpoenas for depositions and documents. eCardless's dispute regarding the discoverability of third-party electronic communication is premature at this stage and PayPal should not be precluded from seeking discovery from such third parties prior serving and receiving responses to such subpoenas in this case.

**ECARDLESS'S POSITION:**

eCardless position with respect to existing third-party (or party affiliated) document subpoenas is that the Parties have resolved that issue in the WDTX and that the Court's rulings are law of the case. eCardless is not inclined to re-litigate the discoverability, specifically of third-party electronic communications, as the WDTX has already ruled that those third-party electronic communications are not discoverable.

6. *Depositions*

The Parties agree that each side should be limited to seven (7) hours of deposition time per expert report, subject to modification for good cause. However, the Parties have met and conferred and have been unable to agree to a proposal as to the limit on deposition time for fact witnesses.

**PAYPAL'S POSITION:**

PayPal contends that each side should be limited to 40 total hours of fact deposition time (including depositions of third parties), exclusive of the depositions already taken, for both party and non-party witnesses combined. PayPal further contends that each deposition shall count for a minimum of 3 hours.

eCardless misleadingly cites to PayPal's initial disclosures in the W.D. Tex. case to support its absurd proposal of 150 hours of fact witness deposition time. While PayPal listed over 50 witnesses on its initial disclosures in the W.D. Tex., *only 11 of the witnesses are PayPal employes*. The remaining witnesses are either associated with eCardless (e.g., as a shareholder or counsel) or are third-party prior art witnesses. eCardless will not be taking the deposition of any of these witnesses; rather, those witnesses would count towards *PayPal's* total deposition time. 150 hours of fact witness deposition time far exceeds the bounds of what is reasonably necessary for eCardless to conduct discovery.

eCardless also fails to mention that it originally proposed 50 total hours of fact deposition time just hours before the submission of this joint statement. Its jump to triple the amount of fact deposition time in its current proposal is unreasonable and has no legal basis.

**ECARDLESS'S POSITION:**

eCardless contends that each side should be limited to 150 total hours of fact deposition time (including depositions of third parties), exclusive of the depositions already taken, for both party and non-party witnesses combined.

eCardless took the time to go back and review PayPal's Initial Disclosures. PayPal identified at least 50 witnesses that could have the opportunity to testify at trial. eCardless opposes PayPal's proposal to have each deposition count as a minimum of 3 hours per deposition, especially for remote depositions. However, applying PayPal's proposal that "each deposition taken will count for a minimum of 3 hours"

for at least 50 witnesses results in approximately 150 hours of deposition time. Of course, this does not even account for the fact that some of the depositions, e.g., 30(b)(6), will obviously take much longer than 3 hours. Due process demands that Plaintiff have the opportunity to depose all the PayPal's identified witnesses, so PayPal's proposed 40-hour limitation is unworkable and unfair.

PayPal's statement completely leaves out the fact that even now PayPal will not stipulate that any of the witnesses on its initial disclosures will not be called at trial. If and when PayPal agrees to stipulate that any of these witnesses will not be called at trial, then eCardless is fully amenable to revise the number of hours needed.

### 7.  *Discovery From Experts*

The Parties agree that no party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, the expert's notes, or drafts of expert reports or declarations. This agreement shall not preclude a party from seeking production of such documents if the expert relies on any such communications, notes, or drafts as the basis of their opinion. Opening reports shall disclose expert testimony under Federal Rule of Civil Procedure 26(a)(2) as to any issue on which a party has the burden of proof. Opposition reports must disclose any expert testimony on the same issue. No other expert reports will be permitted without either the consent of the other side (i.e., Plaintiff must have the consent of Defendant, and Defendant must have the consent of Plaintiff) or leave of the Court. The Parties agree that discovery of experts is governed by Rule 26(b)(4), the Court's Local Rules, and the Court's Orders entered in this case, except that each party shall bear the cost of its own experts, notwithstanding Rule 26(b)(4)(E).

## II.    NARROWING OF ISSUES

The Parties met and conferred and have been unable to agree on a plan for narrowing the asserted claims and prior art in the case.

**PAYPAL'S POSITION:**

PayPal proposes the following schedule for claim and prior art narrowing:

| Triggering Event | Deadline | Proposed Narrowing |
|---|---|---|
| Claim construction order | 2 weeks after claim construction order | 20 patent claims |
| | 3 weeks after claim construction order | 40 prior art / combinations |
| Close of fact discovery | 1 week after close of fact discovery | 12 patent claims |
| | 2 weeks after close of fact discovery | 24 prior art / combinations |
| Close of expert discovery | 1 week after close of expert discovery | 8 patent claims |
| | 2 weeks after close of expert discovery | 16 prior art / combinations |
| Final pre-trial conference | 4 weeks before final pre-trial conference | 4 patent claims |
| | 3 weeks before final pre-trial conference | 8 prior art / combinations |

PayPal contends that its proposed number of asserted claims and prior art references and combinations at each narrowing deadline is proper in view of the number of asserted patents and other patent case narrowing orders submitted in this district. In particular, PayPal's proposal for eCardless to narrow to 4 patent claims 4 weeks prior to the final pre-trial conference will be enable the parties to focus their efforts on a patent trial of a reasonable length. As an example, in *Huawei Techs, Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 3:16-cv-02787-WHO (N.D. Cal. June 2, 2017), Judge Orrick's case narrowing order set forth phased narrowing deadlines for asserted claims and prior art references, summarized in the following table:

| Deadline | Narrowing |
|---|---|
| 10 days after claim construction order | 22 patent claims per side |
| 7 days after close of fact discovery | 15 patent claims per side |
| 14 days after close of fact discovery | 45 prior art references per side |
| 7 days after close of expert discovery | 5 patent per side<br>10 patent claims per side |
| 14 days after close of expert discovery | 25 prior art references per side |
| 1 month before final pre-trial conference | 5 patent claims per side |
| 3 weeks before final pre-trial conference | 15 prior art references per side |

*See Huawei Techs, Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 3:16-cv-02787-WHO, Dkt. 143 (N.D. Cal. June 2, 2017).

Judge Orrick's case narrowing order was modeled after Judge Koh's guidelines set forth in *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 5:12-cv-00630-LHK, Dkt. 471 (N.D. Cal. Apr. 24, 2012).

eCardless also takes the position that PayPal's proposal does not provide enough time for narrowing after each triggering event. However, narrowing at each stage will have a significant impact on the parties' abilities to litigate the case at each subsequent stage. For example, the narrowing after the close of fact discovery will have a significant effect on the development of expert reports, and the time for developing such reports should be maximized so as to not delay the case any further.

Finally, eCardless proposes to add the caveat that the initial narrowing shall only take place after PayPal's "final" source code production. Without further specificity as to what it means for PayPal's source code production to be "final," this limitation could allow eCardless to indefinitely seek source code and never narrow its case. PayPal has made its source code computer available and the parties are in the process of facilitating the source code inspection. Any limitation on claim narrowing as it relates to PayPal's source code production is premature and those issues should not be addressed in conjunction. Any dispute eCardless has with PayPal's source code production should be brought through the proper means of discovery dispute processes before Magistrate Judge van Keulen.

Accordingly, PayPal's proposed case narrowing deadlines for asserted claims and prior art references are proper and in line with other cases in this district and should be adopted here.

**ECARDLESS'S POSITION:**

Plaintiff eCardless proposes the following schedule for claim and prior art narrowing:

| Triggering Event | Deadline | Proposed Narrowing |
|---|---|---|
| Claim construction order | 2 weeks after claim construction order or at least 3 weeks after final source code production, whichever is later | 30 patent claims |
| | 3 weeks after claim construction order or at least 4 weeks after final source code production, whichever is later | 40 prior art / combinations |
| Close of fact discovery | 3 weeks after close of fact discovery | 20 patent claims |
| | 4 weeks after close of fact discovery | 30 prior art / combinations |
| Close of expert discovery | 2 weeks after close of expert discovery | 15 patent claims |
| | 3 weeks after close of expert discovery | 25 prior art / combinations |
| Final pre-trial conference | 4 weeks before final pre-trial conference | 10 patent claims |

| | 5 weeks before final pre-trial conference | 20 prior art / combinations |
|---|---|---|

The parties have met and conferred via email concerning the narrowing of the issues. eCardless notes that it initially proposed that both sides narrow their case at the same time and by the same number of claims and/or prior art references or combinations (for example, 2 weeks after the claim construction order, eCardless narrows its case to 30 patent claims and PayPal narrows its case to 30 prior art references / combinations). However, as a compromise, eCardless has offered PayPal a more generous case narrowing schedule, as reflected in the table above.

eCardless's compromise proposal provides a common sense steady schedule for caser narrowing at each triggering event. eCardless's compromise proposal provides an extra week for to PayPal to narrow its case after eCardless narrows its case following each triggering event (for example, eCardless would only have 2 weeks following the claim construction order to narrow the number of patent claims, whereas PayPal would have 3 weeks following the claim construction order to narrow the number of prior art / combinations). Additionally, eCardless's compromise provides for eCardless to narrow its case by a greater number of patent claims than the number of prior art references /combinations by which PayPal has to narrow its case at each triggering step (for example, 30/40, 20/30, 15/25, and 10/20).

PayPal's reliance on cases that are seven and twelve years old and have completely different facts do not trump common sense.

Additionally, it is eCardless's understanding that PayPal intends to re-file its Motion to Dismiss under 35 U.S.C. § 101. eCardless is willing to further narrow the total number of asserted patent claims following the Court's ruling on PayPal's motion.

PayPal's purported quandary over what "final" source code production means is also bizarre. Simply put, "final" means a point when PayPal certifies that its production of all relevant source code is complete. As to PayPal's misleading allegation that it "has made its source code available," eCardless has been asking for PayPal's source code for over a year. Even after this Court has entered a Protective Order including the source code review provisions that PayPal demanded, PayPal has still not produced its code. Indeed, the source code review has not yet been scheduled because the parties are still in the process of meeting and conferring over what code review software PayPal, in its yet another delay

attempt, will or will not allow eCardless to use. Thus, PayPal's contention that narrowing the claims based on source code is somehow premature or improper is wrong.

Dated: July 11, 2024

By: */s/ John V. Picone III*
John V. Picone III (CA Bar No. 187226)
jpicone@spencerfane.com
SPENCER FANE LLP
225 West Santa Clara Street, Suite 1500
San Jose, California 95113
Telephone: 408.286.5100
Facsimile: 408.286.5722

Erick Robinson (admitted *pro hac vice*)
erobinson@spencerfane.com
SPENCER FANE LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone:    (713) 212-2638
Facsimile:     (512)840-4551

Brian T. Bear (admitted *pro hac vice*)
bbear@spencerfane.com
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone:    (816)474-8100
Facsimile:     (816)474-3216

Raymond Jones (admitted *pro hac vice*)
rjones@spencerfane.com
Brian Medich (admitted *pro hac vice*)
bmedich@spencerfane.com
Kyril Talanov (admitted *pro hac vice*)
ktalanov@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone:    713-212-2676
Facsimile:     713-963-0859

Attorneys for PlaintiffECARDLESS BANCORP, LTD.

Dated: July 11, 2024

By: */s/ Robert N. Kang*

BARRY K. SHELTON
(SBN: 199307)
bshelton@winston.com
WINSTON & STRAWN LLP

8

**JOINT CASE MANAGEMENT STATEMENT**
CASE NO. 5:24-cv-01054-BLF

|   |   |
|---|---|
| 1 | 2121 N. PEARL ST., STE. 900 |
| 2 | DALLAS, TX 75201<br>Telephone: (214) 453-6500 |
| 3 | Facsimile: (214) 453-6400 |
| 4 | ROBERT N. KANG |
| 5 | (SBN: 274389)<br>rkang@winston.com |
| 6 | WINSTON & STRAWN LLP<br>101 California Street, 34th Fl. |
| 7 | San Francisco, CA 94111<br>Telephone:   (415) 591-1000 |
| 8 | Facsimile:    (415) 591-1400 |
| 9 | NIMALKA R. WICKRAMASEKERA |
| 10 | (SBN: 268518)<br>nwickramasekera@winston.com |
| 11 | WINSTON & STRAWN LLP<br>333 South Grand Ave., 38th Fl. |
| 12 | Los Angeles, CA 90071<br>Telephone:   (213) 615-1700 |
| 13 | Facsimile:    (213) 615-1750 |
| 14 |   |
| 15 | RYUK PARK<br>(SBN: 298744) |
| 16 | rpark@winston.com<br>WINSTON & STRAWN LLP |
| 17 | 255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065 |
| 18 | Telephone: (650) 858-6500<br>Facsimile: (650) 858-6550 |
| 19 |   |
| 20 | DEVIN P. GARRITY<br>(admitted *Pro Hac Vice*) |
| 21 | dgarrity@winston.com<br>WINSTON & STRAWN LLP |
| 22 | 200 Park Avenue<br>New York, NY 10016 |
| 23 | Telephone:   (212) 294-1730<br>Facsimile:    (212) 294-4700 |
| 24 |   |
| 25 | Attorneys for Defendant<br>PAYPAL, INC. |
| 26 |   |
| 27 |   |
| 28 |   |

9

**JOINT CASE MANAGEMENT STATEMENT**
CASE NO. 5:24-cv-01054-BLF

## ATTESTATION

I hereby attest that I have obtained concurrence of the above noted signatories as indicated by the conformed signature (/s/) within this e-filed document.

         */s/ Robert N. Kang*
         Robert N. Kang