Erick Robinson (admitted *pro hac vice*)
erobinson@bochner.law
**Bochner PLLC**
24 Greenway Plaza, Suite 1800
Houston, TX 77046
Telephone:      (713) 498-6047
Facsimile:      (646) 343-9672

Curtis E. Smolar
(SBN : 194700)
csmolar@bochner.law
**Bochner PLLC**
450 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: (415) 364-8435
Facsimile:      (646) 343-9672

Attorneys for Plaintiff
ECARDLESS BANCORP, LTD.

NIMALKA R. WICKRAMASEKERA
(SBN: 268518)
nwickramasekera@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

ROBERT N. KANG
(SBN: 274389)
rkang@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 34th Fl.
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Defendant
PAYPAL, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ECARDLESS BANCORP, LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAYPAL, INC.,<br><br>　　　　　　　Defendant. | Case No. 5:24-cv-01054-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　October 4, 2024<br>Time:　　9:00 AM<br>Judge:　　The Honorable<br>　　　　　　Beth Labson Freeman |

Pursuant to Civil Local Rule 16-10(d), the Standing Order for All Judges of the Northern District of California, Federal Rule of Civil Procedure 26(f), and the Court's instruction regarding case narrowing at the July 18, 2024 Case Management Conference, Plaintiff eCardless Bancorp, Ltd. ("eCardless") and Defendant PayPal, Inc. ("PayPal") (collectively, the "Parties") have been unable to come to a resolution on the issues below and submit the following Joint Case Management Statement.

## I. PROOF OF SETTLEMENT AUTHORITY

**PAYPAL'S POSITION:**

PayPal requests that the Court resolve the issue of eCardless's refusal to produce documents or otherwise prove which individual within eCardless's corporate structure has the authority to settle this case.

Prior to his death in January 2024, Randy Sines possessed a majority of voting shares of eCardless, and sole authority to authorize settlement of this litigation on behalf of eCardless. After Mr. Sines's passing, counsel for eCardless informed PayPal that Mr. Sines's shares passed to his wife, Irene Sines, who then delegated her settlement authority over this case to eCardless minority shareholder Roger Hawkins. While eCardless has produced Mr. Sines's will, the will states that Mr. Sines's property passed to an instrument referred to as the "Sines Revocable Trust" created August 17, 2023. Prior to the transfer of this case to the Northern District of California, PayPal repeatedly asked that eCardless produce documents, including the Sines Revocable Trust instrument, supporting these statements by eCardless's counsel. However, eCardless never produced either the documents or a declaration.

At the May 2 Case Management Conference, counsel for PayPal raised this issue with the Court, and counsel for eCardless represented that it would produce the documents in discovery. May 2, 2024 Case Management Conference Tr. 15:10-21. PayPal served its discovery requests on eCardless on July 16, 2024, including a request specifically for "All Documents, Communications, and/or Things relating to Roger Hawkin's settlement authority for the Present Litigation . . . ." eCardless has now backtracked on its statement that it would produce the documents and is once again refusing to do so on the basis that the request "seeks irrelevant information that has nothing to do with either parties' claims or defenses."

On the contrary, these documents are facially relevant because PayPal requires certainty that any possible future settlement discussions are had with the individual that has the authority to settle this case on behalf of eCardless, and that any settlement agreements will not be challenged by additional members of Mr. Sines's estate. The parties have met and conferred numerous times prior to this case being transferred on the production of these documents, only for eCardless to renege on its representations to the Court that it would "produce the documents once we get… discovery going." *Id.*

PayPal requests a resolution to this issue by the Court.

**ECARDLESS'S POSITION:**

Despite PayPal's insinuations, the documents Defendant is seeking were neither due nor overdue at any point in the Western District of Texas case. In the litigation in this Court, Plaintiff has not refused this production. Further, after the Case Management Conference, despite that eCardless served its Objections and Responses to PayPal's First Set of Interrogatories and Requests for Production on *August 15, 2024* (43 days ago), PayPal never brought up this issue again until it complained about production on this issue in a letter **_sent only two days before this Joint Statement, on September 25, 2024_**. The parties have not even had the opportunity to meet and confer on this issue, because it was brought up only two days ago. Plaintiff is still reviewing this issue, but fully expects to be able to resolve this issue, and will produce documents that show the individual within eCardless's corporate structure has the authority to settle this case as PayPal requests above. In short, this issue is not ripe.

II.    SOURCE CODE PRODUCTION

**ECARDLESS'S POSITION:**

eCardless requests that the Court resolve the issue of PayPal's nonproduction of source code. As noted at the Case Management Conference, Plaintiff suspected that Defendant's source code production would not be complete, and that fear has been realized. Based on Plaintiff's review of the source code provided by PayPal, multiple serious deficiencies exist as follows:

1. **Omission of Key Application Source Code:** PayPal's source code production does not include the source code for the original "Checkout Lite Member" application, referred to as "Hermione." This application was reportedly replaced by "Dumbledore" in September 2021, yet the source code for "Hermione," which is critical to our analysis, has not been produced. The absence of this source code is a significant deficiency, as it prevents us from conducting a comprehensive comparison and analysis of the changes and evolution between the two applications. Further, it calls into question the completeness of PayPal's source code production across the board.

2. **Lack of Version Control Information**: The produced code includes a ".GitHub" folder within each of the four main sub-folders, suggesting that GitHub is used for version control by Paypal. However, the production lacks the necessary version control metadata, including .git directories and associated configuration files, which are required to access the commit history, branch information, and other version control details. Without this metadata, Plaintiff is unable to review any changes, revisions, or development history related to the source code. Plaintiff requests that the Court require PayPal to provide the complete version control metadata, including the ".git" folder and all associated commit logs and history.

3. **Exclusion of Client Application Code Across Multiple Platforms**: The source code produced by PayPal does not include the code for client applications across various platforms, including but not limited to mobile (e.g., Android, iOS), web, and other potentially relevant platforms where the accused functionality might be implemented. This code is essential to fully understand the operation and implementation of the accused technology and to assess its functionality across different environments. Plaintiff requests that the Court order the production of all relevant source code for customer and merchant client applications across all platforms utilized by PayPal.

4. **GPS Information**:  PayPal on its public website states that, *inter alia*, "[w]e may collect IP-based geolocation data and Global Positioning System (GPS) with your consent during your user experience or based on your mobile application settings." https://www.paypal.com/us/legalhub/privacy-full (last visited September 27, 2024).  Plaintiff

requests that the Court order PayPal produce source code showing how GPS information is both collected and used by PayPal.

Plaintiff notes that it first contacted PayPal regarding these source code issues yesterday, September 26, 2024 after its expert pointed out these deficiencies. Although Plaintiff hopes that the parties will be able to resolve these source code issues, but given that PayPal has brought to the Court an issue that it brought up only two days ago, Plaintiff also would like to have the Court hear these serious source code issues.

**PAYPAL'S POSITION:**

eCardless admits that its inclusion of this issue is purely retaliatory, stating that it raised its issue of allegedly deficient source code "given that" PayPal raised the issue of eCardless's continued delay in producing documents identifying the individuals who in fact manage and have authority to settle this litigation.

eCardless's tit-for-tat allegation of deficient source code production is simply not analogous—whereas eCardless has known of PayPal's requests for the production of documents showing that Mr. Hawkins indeed has settlement authority for eCardless since well before this case was transferred to this District, eCardless admits it raised the issue of purportedly deficient source code production *for the first time yesterday*. And whereas PayPal has yet to even meet and confer with eCardless on any purported deficiencies in the source code, eCardless *expressly agreed* at the May 2 CMC that it was "happy to either provide the documents to [the Court] today in camera… or produce the documents once we get… discovery going." May 2, 2024 Case Management Conference Tr. 15:10-21. Inexplicably, after representing to the Court that production of these documents is "no problem," eCardless—in response to PayPal's RFPs served *73 days ago*, refused to produce the documents.

By contrast, PayPal is diligently investigating the source code issues raised by eCardless only one day ago, the parties have yet to meet and confer on the issue, and—as eCardless admits—the issue is not ripe for court resolution.

| | | |
|---|---|---|
| 1 | Dated: September 27, 2024 | By: */s/ Erick S. Robinson* |
| 2 | | Erick Robinson (admitted *pro hac vice*) |
| | | erobinson@bochner.law |
| | | **Bochner PLLC** |
| | | 24 Greenway Plaza, Suite 1800 |
| | | Houston, TX 77046 |
| | | Telephone:    (713) 498-6047 |
| | | Facsimile:     (646) 343-9672 |

Curtis E. Smolar
(SBN : 194700)
csmolar@bochner.law
**Bochner PLLC**
450 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: (415) 364-8435
Facsimile:     (646) 343-9672

Attorneys for Plaintiff
ECARDLESS BANCORP, LTD.

Dated: September 27, 2024

By: */s/ Robert N. Kang*

ROBERT N. KANG
(SBN: 274389)
rkang@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 34th Fl.
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

NIMALKA R. WICKRAMASEKERA
(SBN: 268518)
nwickramasekera@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

DEVIN P. GARRITY
(admitted *pro hac vice*)
dgarrity@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10016
Telephone: (212) 294-1730
Facsimile: (212) 294-4700

1
2     BARRY K. SHELTON
      (SBN 199307)
3     bshelton@sheltoncoburn.com
      **SHELTON COBURN LLP**
4     311 RR 620, Suite 205 Austin, TX 78734
      Telephone: +1 512-263-2165
5     Facsimile: +1 512-263-2166
6
      Attorneys for Defendant
7     PAYPAL, INC.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

I hereby attest that I have obtained concurrence of the above noted signatories as indicated by the conformed signature (/s/) within this e-filed document.

*/s/ Robert N. Kang*
Robert N. Kang